RIEBOW *v.* ENSCH.

1. EXECUTORS AND ADMINISTRATORS—CREDITOR MAY PETITION TO HAVE PROPERTY INVENTORIED.
   One interested in an estate of a deceased person as a creditor, without first being adjudged a creditor, may file a petition in the probate court for an order requiring the administrator to inventory and appraise property claimed by petitioner to be a part of the estate which the administrator had failed to inventory and appraise.

2. WILLS — CONSTRUCTION OF PROBATE COURT RES ADJUDICATA WHERE NO APPEAL TAKEN.
   The probate court in the course of the administration of estates has power to construe a will, and the construction placed upon a will in the exercise of such jurisdiction is *res adjudicata* unless an appeal is taken.

Appeal from Mecosta; Barton (Joseph), J. Submitted June 8, 1922. (Docket No. 35.) Decided November 2, 1922.

Bill by Elizabeth Riebow against Bertha Carlson Ensch and others for the construction of a will. From a decree for plaintiff, defendants appeal. Reversed, and bill dismissed.

*Griswold & Cook*, for plaintiff.

*A. A. Worcester*, for defendants.

WIEST, J. February 6, 1892, George Riebow and Ernestine, his wife, joined in making a will in which they provided:

"After the payment of our just debts and funeral expenses, we give, bequeath and devise all our real and personal estate, wherever situated, as follows:

That is to say to the one surviving the other and at the death of one of us the entire property now owned by us, and what may be hereafter accumulated by us, shall be and become the property of the one surviving the other as long as he or she may live.    Both real and personal property and all other effects that may be in and about our home and property and owned by us at the time of the death of one of us of every name and nature that said property may be."

The makers of the will lived on a small place, the title to which was in the husband, and the wife had no property.    George Riebow died on the 31st day of August, 1908, leaving surviving him his widow, Ernestine Riebow, and seven children, the offspring of their marriage.    On November 30, 1908, the instrument mentioned was admitted to probate as the last will and testament of George Riebow, and an executor was appointed and qualified.    On June 7, 1909, the executor filed his final account in which he listed the real estate as undisposed of, and stated:

"The above property was turned over to Ernestine Riebow, widow, for her use according to the terms of the will."

This account was allowed but no order made assigning the estate.    Ernestine Riebow died November 1, 1918, at the home of her son Frank Riebow, where she had been cared for from August 2, 1916.

On November 15, 1918, Frank Riebow, the husband of plaintiff, filed a petition in the estate of Ernestine Riebow, setting forth that she died intestate, and asked for the appointment of an administrator.    William A. Porter was appointed administrator of the estate of Ernestine Riebow and duly qualified.

At the time the application was made for administration of the estate of Ernestine Riebow, a petition was also filed in the estate of George Riebow, to revive the administration of his estate, and thereupon such proceedings were had that the estate of George

Riebow was re-opened and William A. Porter appointed administrator *de bonis non*, with the will annexed, and the administrator filed an inventory showing the real estate in question, valued at $2,500, as all the property of the estate of George Riebow, deceased. Thereafter Mr. Porter, as administrator, petitioned the probate court for license to sell the real estate, and that petition is still pending.

July 6, 1918, Ernestine Riebow and the plaintiff agreed in writing that in consideration for care and nursing, received and to be given Ernestine Riebow, plaintiff should have the sum of $15 per week. Plaintiff's claim for such services was allowed against the estate of Ernestine Riebow on August 23, 1920, at the sum of $1,740.

Plaintiff filed the bill herein to have the will mentioned construed, claiming that under the terms thereof Ernestine Riebow took an estate in fee in the real estate and not a life estate. At the hearing the learned circuit judge construed the will to grant an estate in fee to Ernestine Riebow.

Defendants have appealed and claim here, as they did in the circuit, that the will was construed in the probate court and no appeal having been taken the determination there made is *res adjudicata*, and this suit cannot be maintained. The record discloses that the plaintiff, on January 19, 1920, filed a petition in the probate court in the estate of Ernestine Riebow in which she set forth that she was a creditor of the estate; that William Porter was duly appointed administrator; that Ernestine Riebow died seized and possessed in her own right of the real estate involved herein; that the administrator had not inventoried and appraised such real estate as a part of the estate of Ernestine Riebow, and that it should be so inventoried and appraised, and asked that an order be entered requiring the administrator to inventory and

appraise such property as a part of the estate of
Ernestine Riebow.   To this petition certain heirs filed
an answer in which they denied that Ernestine Riebow
died seized of such real estate and averred she held a
life estate only therein, and asserted the fee to be
vested in the heirs at law of George Riebow.   The
petition and answer came on for hearing and on March
29, 1920, the probate court made and entered the
following order:

"The petition of Elizabeth Riebow, filed herein,
having been brought on to be heard in this cause,
praying that an order be entered in this estate re-
quiring the administrator, William Porter, to inven-
tory and appraise all that piece or parcel of land
situate in the township of Mecosta, county of Mecosta
and State of Michigan, to-wit:   The northwest
quarter (N. W. ¼) of the northeast quarter (N. E.
¼) of section 35, town 14 north, of range 10 west,
as part of the estate of the said Ernestine Riebow,
deceased, and upon listening to arguments of counsel
and after due consideration thereof, it is hereby con-
sidered and adjudged that the said Ernestine Riebow,
under the terms of the joint will of George Riebow
and Ernestine Riebow, both deceased, held only a life
estate in said property, and that as to the remainder
in fee of said property, the said George Riebow died
intestate, and it is hereby ordered and adjudged that
the said petition of Elizabeth Riebow be and the same
hereby is dismissed."

Counsel for plaintiff contend that at the time plain-
tiff filed the petition in the probate court her status
as a creditor had not been determined and under the
petition the probate court had no warrant for con-
struing the will of George Riebow.   Plaintiff cannot
be permitted now to urge that at the time she filed
the petition she had not been adjudged a creditor of
the estate.   It was not necessary in order for her
to file such petition that she be first adjudged a
creditor.   She was interested as a creditor in the
estate.   Under the petition the probate court was

required to consider the will of George Riebow, because in no other way could it be determined whether the real estate should be inventoried as a part of the estate of Ernestine Riebow.

The probate court in the course of the administration of estates has power to construe a will and the construction placed upon a will in the exercise of such jurisdiction is *res adjudicata* unless an appeal is taken. *Glover* v. *Reid*, 80 Mich. 228; *Byrne* v. *Hume*, 84 Mich. 185; (on rehearing) 86 Mich. 546; *Calhoun* v. *Cracknell*, 202 Mich. 430.

The petition of plaintiff in the probate court squarely raised the question of whether the real estate belonged to the estate of George Riebow or to the estate of Ernestine Riebow. To determine that question the probate court had to construe the will, and did construe it, and held it gave Ernestine Riebow a life estate only.

No appeal having been taken from such determination by the plaintiff herein, who was petitioner therein, and the very question here presented having been there determined, such former adjudication barred plaintiff from filing the bill to have the will construed. The question of former adjudication prevents us from considering the very interesting points involved in a construction of this will and so ably presented in the briefs.

The decree entered in the circuit court is reversed and a decree granted here dismissing the bill, with costs to defendants.

FELLOWS, C. J., and McDONALD, BIRD, SHARPE, and STEERE, JJ., concurred. CLARK and MOORE, JJ., did not sit.