JONES *v.* HARSHA.

1. WILLS—CONSTRUCTION—PLEADING—EXECUTORS AND ADMINISTRA-
TORS — DEED CREATING TRUST NOT CONSIDERED IN CONSTRUING
WILL.

In a suit by the executrix and trustee for the construc-
tion of a will, where the bill of complaint makes no
mention of a deed of certain property from decedent to
plaintiff, deeded the same day the will was executed, con-
ferring on plaintiff certain powers as trustee, said deed
will not be considered, the rights of the parties under
it not being here involved.

2. SAME—PROBATE COURTS HAVE NO JURISDICTION IN DIRECT PRO-
CEEDINGS FOR CONSTRUCTION OF WILL.

Although probate courts are frequently called upon to con-
strue wills in the settlement of estates, and the construc-
tion placed upon them by that court is *res judicata* unless
an appeal is taken, they have no jurisdiction to entertain
direct proceedings for that purpose unless it has been con-
ferred by statute, which has not been done in this State.

3. SAME—EQUITY WILL CONSTRUE WILL WHERE AMBIGUOUS OR
UNCERTAIN—TRUSTS.

Where there is any ambiguity in the language of a will,
or uncertainty in the power conferred or the duty resting
upon a trustee thereunder, he may ask the aid of a court
of equity to determine his power and direct his course of
procedure; the same rule being applicable as when the
trust is created by an instrument other than a will.

4. SAME—EQUITY WILL GRANT RELIEF WHERE AUTHORITY DOUBTED
BY OTHERS.

Although there may seem to be no ambiguity as to plain-
tiff's authority under a will to mortgage certain real estate
for the purpose of improving it, where it appears that
those from whom she sought to obtain the money doubted
her authority, a case for equitable relief is presented.

5. SAME—LIFE ESTATES—DUTY OF LIFE TENANT—IMPROVEMENTS
A CHARGE UPON CORPUS OF ESTATE.

Under the clause of the will requiring plaintiff, who is

On power of trustee to mortgage trust estate for purpose of
making improvements so as to render it productive, see note
in 7 L. R. A. (N. S.) 263.

life tenant as well as trustee, to "keep said premises and every part thereof in as good repair as when taken, ordinary wear and tear thereof, and damages by the elements, excepted," she must not permit the value of the property to deteriorate except such deterioration as is incident to its occupancy and the effect of the elements upon it, and any expense necessarily incurred by the trustee to prevent such deterioration and to render the premises habitable and rentable is a charge upon the *corpus* of the estate.

6. SAME—"IMPROVEMENT" CONSTRUED—POWERS OF TRUSTEE.

Under the clause of the will giving plaintiff the power "to mortgage said estate for the purpose of placing any improvement thereon for an amount not to exceed the cost of such improvement," any change made in the building, not incumbent on her as life tenant to make which will increase its rental value, is *held*, to be an "improvement" within the meaning of the word as here used; and that the improvement made may not be such as the remainderman would make is immaterial.

7. TRUSTS—MORTGAGEE OF TRUST PROPERTY PROTECTED BY STATUTE.

Under 3 Comp. Laws 1915, § 11586, the vendee or mortgagee of trust property is not required to see to it that the money paid to the trustee is used for the purpose of the trust under the terms of the will.

Appeal from Wayne; Shepherd (Frank), J., presiding. Submitted October 3, 1923. (Docket No. 14.) Decided December 19, 1923.

Bill by Jennie Wright Jones, trustee under the last will of Walter S. Harsha, deceased, against John W. Harsha for a construction of said will. From a decree for plaintiff, defendant appeals. Modified.

*U. R. Loranger*, for plaintiff.

*Oxtoby, Robison & Hull*, for defendant.

SHARPE, J. The bill of complaint filed prays for a construction of certain provisions in the will of

225—Mich.—27.

the late Walter S. Harsha of Detroit, and for instructions to plaintiff as trustee as to how she should proceed thereunder.    The will, executed on October 19, 1916, provides for the payment of specific legacies amounting to $47,500, including $20,000 to the defendant, the son of a cousin.    The residue is then given to the plaintiff, a niece of his late wife, for her natural life—

"with the right to use the income thereof for her own uses and purposes, with the remainder over to said above John W. Harsha."

The fifth paragraph directs the life tenant to pay all taxes and assessments and keep the premises in repair—

"provided that the said life tenant may, upon requiring such bond for replacement of values as she shall deem proper, permit the wrecking of any building or buildings for the purposes of improvement."

The seventh paragraph reads as follows:

"I hereby authorize and empower my executrix and trustee hereinafter named to manage and control, build and erect any improvements thereon, to rent, lease all or any part of my estate for such period not exceeding ninety-nine (99) years, and upon such terms as she shall think best; to sell and convey, or contract for sale by proper instruments with or without the usual covenants of warranty, all or any part of my estate which I now or shall hereafter own or which shall now or hereafter stand in my name, except the property on the southwest corner of Larned street and Cass avenue, for such price and upon such terms .as she shall deem best, and to invest and reinvest the proceeds or any part thereof; to invest, reinvest and change the form of investments at any time as she shall deem best, but she shall not be required to change the form of any of my estate; to mortgage said estate for the purpose of placing any improvement thereon for an amount not to exceed the cost of such improvement."

The plaintiff was appointed executrix and trustee of the estate. Her final account as executrix was allowed on March 1, 1920, and the residue assigned to her "in accordance with the provisions of said will," and her bond as trustee fixed at $10,000. The residue consisted of real estate, known as the Peterboro street property, which was appraised at $12,000, and certain personal property.

The seventh paragraph refers to property "on the southwest corner of Larned street and Cass avenue." It appears, however, that on the same day the will was executed Mr. Harsha deeded this property to plaintiff for her natural life, with remainder over to defendant. In it certain powers were conferred on plaintiff as trustee. Counsel for plaintiff in his brief asks for direction to plaintiff as to her powers and duties under this deed as well as under the provisions of the will. It is sufficient to say that the deed is not mentioned in the bill of complaint. The rights of the parties under it are not here involved, and will not be considered.

It appears from the proofs that the Peterboro street property consists of a lot on which stands a private residence, erected more than 40 years ago, three stories high, without any of the modern conveniences, and very much in need of repairs. Mr. Bailey, an architect, who examined it with a view to its repair, testified that the lot would be worth more if the building were not on it. He estimated the value of the land at $1,000 a foot for the frontage of 30 feet. Plaintiff has already expended very considerable sums in repairs. The value of the property is out of all proportion to the net income received therefrom. It is her desire to improve this property so as to secure an income from it in excess of that which would be derived from the use of the moneys received on its sale. It is her claim, supported by testimony,

that her efforts to secure money by mortgage have proved abortive, owing to the fact that her right to mortgage or sell under the terms of the will have been questioned. Investors have insisted that she should procure the written consent of the defendant before making any conveyance of the property. The defendant had refused to grant such consent. It is apparent that the property at present yields but a small return on its value instead of being a source of considerable income, as we think it may fairly be said was contemplated by the testator.

These facts and the conclusions which follow do not seem to be disputed by the defendant. His counsel insist that the proofs do not show that plaintiff is entitled to any equitable relief, for the reason that the right to mortgage or sell is clearly conferred upon her by the will itself and that, in case her right to mortgage is deemed doubtful, she may apply to the probate court for permission to do so under the statute relating to testamentary trusts (3 Comp. Laws 1915, § 14052 *et seq.*), Plaintiff is not asking for authority to sell or mortgage. The question presented is not, Has the probate court under the statute the power to grant plaintiff as trustee permission to sell or mortgage, but, *What power has plaintiff to do so under the terms of the will itself?*

Probate courts are frequently called upon to construe wills in the settlement of estates. *Byrne* v. *Hume*, 84 Mich. 185; *Brooks* v. *Hargrave*, 179 Mich. 136; *Wessborg* v. *Merrill*, 195 Mich. 556 (L. R. A. 1918E, 1074). The construction placed upon them by that court is *res judicata* unless an appeal is taken. *Riebow* v. *Ensch*, 220 Mich. 450, and cases cited. They have, however, no jurisdiction to entertain direct proceedings for the construction of wills except where such power has been conferred by statute. 40 Cyc. p. 1842. No such power is conferred in this State.

We think it well settled that where there is any

ambiguity in the language of the will, or uncertainty in the power conferred or the duty resting upon a trustee thereunder, he may ask the aid of a court of equity to determine his power and direct his course of procedure. *Dean* v. *Mumford*, 102 Mich. 510. The same rule applies as when the trust is created by an instrument other than a will.     39 Cyc. p. 317.

While to us, as to counsel for defendant, there may seem to be no such ambiguity or uncertainty, the fact remains that persons from whom plaintiff sought to obtain money by mortgage doubted her authority.    It also appears that defendant strongly objects to the construction placed upon the language of the will in this respect by the trial court in the decree made by him.     We are therefore persuaded that the bill states a case for equitable relief.

The trial court decreed that plaintiff as trustee had full power to sell and convey the Peterboro street property "on such terms and conditions as she shall deem best."     Of this, defendant makes no complaint. He also decreed that plaintiff as trustee has full power and authority to mortgage the real estate "for such purposes as she may deem best," and—

"without any limitations as to the purposes of the loans secured by such mortgages; the funds so obtained, however, to be subject to accounting by the trustee, in accordance with the terms of said will and the law."

It was further decreed that the parties making such loans—

"shall not in anywise be responsible or accountable for the purposes, the uses or any application made by trustee of such funds."

Of these latter provisions, defendant complains.    In determining the powers and duties of the plaintiff as trustee under the will, we must not be confused by the fact that she is also the life tenant and entitled

to the income from this property.    The will gives her as trustee the power—

"to mortgage said estate for the purpose of placing any improvement thereon for an amount not to exceed the cost of such improvement."

This language is explicit, and limits not only the purpose for which the property may be mortgaged but the amount thereof.    Should she decide to improve the property, she may mortgage only for such a sum as will defray the cost thereof.

Counsel are not in agreement as to the meaning of the word "improvement."    Under the fifth paragraph of the will, the burden of paying the taxes and assessments on the property out of the income received is cast upon the life tenant.    She is also to—

"keep said premises and every part thereof in as good repair as when taken, ordinary wear and tear thereof, and damages by the elements, excepted."

This is the usual provision in a lease for years.    As here applied, it clearly indicates that the life tenant must not permit the value of the property to deteriorate except such deterioration as is incident to its occupancy and the effect of the elements upon it.    Any expense necessarily incurred by the trustee to prevent such deterioration and to render the premises habitable and rentable is a charge upon the *corpus* of the estate.    They are improvements within the meaning of this word as used in the seventh paragraph.    In 2 Bouvier's Law Dictionary (Rawle's 3d Revision), p. 1517, an improvement is thus defined:

"An amelioration in the condition of real or personal property effected by the expenditure of labor or money for the purpose of rendering it useful for other purposes than those for which it was originally used, or more useful for the same purposes.    It includes repairs or addition to buildings, and the erection of fences, barns, etc."

As a rule, a life tenant is not entitled to payment for improvements without the consent of the remainderman. We are not, however, here deciding between the rights of the life tenant and the remainderman, but determining the powers and duties of the trustee charged with the care of this property under the express terms of the will creating the trust. The life tenant is only chargeable with the cost of such repairs as are an incident to her tenancy. We find no language in the will indicating an intention on the part of the testator that her income as life tenant should be reduced by the cost of improvements rendered necessary by the condition of the property in order to insure a fair rental therefor. The meaning of the word "improvement," as used in assessment statutes or laws providing for liens by mechanics has little, if any, application to the language here used. Any change made in the building on this land, not incumbent on the life tenant to make, which will increase its rental value, is, we think, an "improvement" within the meaning of the word as here used.

Defendant urges the unfairness of permitting the plaintiff as life tenant to secure an additional income by reason of expenditures made from the *corpus* of the estate increasing the rental value of the property. If the money secured by mortgage is used solely for such improvements, the value of the estate will be increased thereby to his benefit as remainderman. The fact that the improvements may not be such as he would make is of no importance. The testator had the right to so provide.

But one other question deserves consideration. The duty of a vendee or mortgagee of trust property to see to it that the money paid to the trustee is used for the purpose for which the sale or loan is made under the terms of the will, if expressly stated therein, is discussed at considerable length in 26 R. C. L. pp.

1294, 1295, and in 39 Cyc. p. 386, and cases cited.    In the former it is said:

"In many jurisdictions the doctrine requiring purchasers from trustees to look to the application of the moneys paid by them has been expunged by statute."

This State is among the number.    Section 11586, 3 Comp. Laws 1915, provides:

"No person who shall actually and in good faith make any payment to a trustee, which the trustee as such is authorized to receive, shall be responsible for the application thereof according to the trust; nor shall any right or title derived by such person from the trustee, in consideration of such payment, be impeached or called in question, in consequence of any misapplication of such payment by the trustee."

New York had a similar statute at the time it was here enacted.    (Consolidated Laws of New York, vol. 4, p. 4993.)    In a note to this section it is said:

"A *bona fide* purchaser in good faith from a trustee will be protected regardless of the disposition of the funds by the trustee."

Several cases are cited.    The provision in the decree is in conformity with the statute.

A decree may be prepared modifying that appealed from to conform to the views here expressed.    The costs of both parties, in both courts, will be payable out of the moneys secured by mortgage or sale as a necessary incident thereto.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.