*In re* LYON'S ESTATE.

HOWARD *v.* ESTATE OF LYON.

1. WILLS—COURTS—POWER OF PROBATE COURT TO CONSTRUE WILLS IN REFERENCE TO DISTRIBUTION OF REALTY.
   The statutory power of the probate court to construe wills applies to the distribution of real estate to devisees as well as to distribution of personal property.[1]

2. SAME—CONSTRUCTION OF WILL.
   Where a will devised all of testatrix's real estate to certain devisees "except two lots on Court street," in a certain city, which were devised to plaintiff, and it appears that, although testatrix had formerly owned two lots on said street, at the time the will was executed she owned but one, the probate court properly construed the will as a devise to plaintiff of but one lot, and that another lot immediately to the rear of the Court street lot, facing on another street, which testatrix owned, was not intended to be included.[2]

Error to Berrien; White (Charles E.), J. Submitted October 8, 1924. (Docket No. 30.) Decided December 10, 1924. Rehearing denied April 3, 1925.

Hiram A. Wilson, administrator with the will annexed of the estate of Frances E. Lyon, deceased, filed a petition in the probate court for a construction of said will and for an order of distribution. From the construction and order made, Angie F. Howard appealed to the circuit court. Judgment setting aside the order of the probate court for want of jurisdiction. The estate brings error. Reversed and remanded.

*G. M. Valentine,* for appellant.

*Rolland E. Barr,* for appellee.

[1]Courts, 15 C. J. § 424; Executors and Administrators, 24 C. J. § 1383; Wills, 40 Cyc. p. 1842; [2]Wills, 40 Cyc. p. 1551.

McDONALD, J. The plaintiff is a devisee under the will of Frances E. Lyon, deceased. The second paragraph of the will provides:

"I give, devise and bequeath to Hiram Wilson and his wife, Eva Wilson, my real estate, except two lots on Court street in city of St. Joseph, Berrien county, Michigan, I give and bequeath to Angie Howard, and to her also cameo broach set with earrings."

Mrs. Lyon at one time owned two lots on Court street, but about two years before her death, and before the making of her will, she sold one of them, so that at the time she made the will and at the time of her death she had only one lot on that street. Immediately in the rear of the Court street lot and facing on Church street she owned another lot. The plaintiff claims that this lot was one of the two lots bequeathed to her in the will. Before the assignment of the estate the administrator filed a petition in the probate court asking for a construction of the second paragraph of the will. On the hearing of this petition the probate judge made an order from which we quote the following:

"It appears from the inventory that deceased owned but one lot on Court street in said city. There can be but one inference to be drawn and that is that testator intended to give Angie Howard only real estate which is situated on Court street in the city of St. Joseph.

"It is therefore ordered that it is the will of the deceased that the said Angie Howard take and have the lot situated in the city of St. Joseph on Court street, and that Hiram Wilson and wife, Eva Wilson, take all other real estate owned by the testator at the time of her death."

From this order the plaintiff appealed to the circuit court. After the taking of the testimony the circuit judge discharged the jury and entered the following order.

229—Mich.—6.

"The above matter having come on to be heard and the court having been fully advised in the premises, the court finds that the probate court has no inherent power to construe a will in so far as the same devises and bequeaths real estate, and that consequently the order made by the probate court of said county on June 7, 1923, purporting to place a certain construction upon the last will and testament of Frances E. Lyon is void because said court had no jurisdiction to make said order.    It is therefore ordered that said order of the probate court be and hereby is set aside."

The circuit judge was in error.    In *Calhoun* v. *Cracknell*, 202 Mich. 430, this court said that in distributing estates,

"The probate court is obviously called upon to construe a will dealing with real as well as personal estate.    Under the statute cited the probate court is invested with power and at the time of the distribution of the estate, has jurisdiction to construe a will and make disposition accordingly."

In *Dudley* v. *Gates*, 124 Mich. 440, it is said:

"After the estate is settled and is before the probate court for distribution, it must be distributed according to the terms of the will, which is the sole guide for the court in its order of distribution.    The probate court then has jurisdiction to interpret the various provisions of the will, but not otherwise" (citing *Glover* v. *Reid*, 80 Mich. 228; *Byrne* v. *Hume*, 84 Mich. 185).

The rule as laid down in the earlier cases limits the power of the probate court to construe wills to the time when the estate is settled and the construction is necessary for its assignment.    This is as far as the court intended to go in *Reibow* v. *Ensch*, 220 Mich. 450, and in *Jones* v. *Harsha*, 225 Mich. 416.

In the instant case it was alleged by the petitioner in his petition for the construction of the will that he had completed the administration of the estate, and that it was ready for settlement, but

"That by reason of the uncertainty or apparent error

on the part of the scrivener in preparing said will, he is unable to make settlement of said estate without the opinion of this court construing said will, and correcting said apparent error."

Having reached this stage in the administration of the estate, the probate judge must construe the will in order to determine how it should be distributed. All of the authorities recognize his power to do this. The merits of the appeal from the order entered should have been determined in the circuit court.

Our examination of the record convinces us that the probate court properly construed the will.    The testimony offered by the plaintiff in support of her construction for the most part was incompetent and has no tendency to show that the testatrix intended to give the plaintiff anything more than the property which she owned on Court street at the time the will was made.    Under the evidence submitted the trial court should have dismissed the petition.    The case will be remanded to the circuit court where a judgment should be entered dismissing the appeal and certifying to the probate court the affirmance of its order on the construction of the will.

The judgment of the circuit court is reversed. Neither party will have costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.