## JONES *v*. HARSHA.

1. TRUSTS—RIGHTS OF REMAINDERMEN.

Land in which the remainderman has a vested remainder in fee may not be mortgaged by the trustee in aid of land in which the remainderman has but a contingent remainder.[1]

2. SAME—TRUSTEE AND REMAINDERMAN DESIGNATED IN POLICY SHOULD PAY FOR INSURANCE.

The insurance upon the property, if the policy designates the trustee and the remainderman as beneficiaries, should be paid for by both.[2]

3. SAME—ACCOUNTING IN PROBATE COURT.

Trustee by deed is not subject to account in probate court, but trustee by will must.[3]

4. SAME—EFFECT OF MORTGAGING TRUST PROPERTY.

Moneys derived from mortgage of property of which the life tenant is trustee by will and expended upon property of which the life tenant is trustee by deed, beyond meeting obligations placed upon the trustee in the deed, constitute a charge against such property.[4]

5. INSURANCE—REMAINDERMAN HAS INSURABLE INTEREST IN CONTINGENT AS WELL AS VESTED REMAINDER.

The remainderman has an insurable interest in property in which he has a contingent remainder as well as that in which he has a vested remainder in fee.[5]

6. TRUSTS—INSURANCE TO BE PAID BY LIFE TENANT AND REMAINDERMAN NOT OUT OF CORPUS OF ESTATE.

The cost of insurance is not to be paid out of the *corpus* of the trust estates, but is to be paid by the life tenant and the remainderman.[6]

7. SAME—IMPROVEMENTS ARE CHARGES AGAINST CORPUS OF ESTATES, BUT CARRYING CHARGES ARE PAYABLE OUT OF INCOME.

Expenses of improvements of property of which the life

[1]Trusts, 39 Cyc. p. 384; [2]Id., 39 Cyc. p. 344; [3]Id., 39 Cyc. p. 470; [4]Id., 39 Cyc. p. 384; [5]Fire Insurance, 26 C. J. § 17; [6]Estates, 21 C. J. § 92.

tenant is trustee by will, as well as of property of which the life tenant is trustee by deed, are proper charges against the *corpus* of the estate, but the carrying charges occasioned thereby should be cared for by the life tenant out of the income.[7]

8. SAME—EXPENSE OF SUIT NECESSARY TO CONSTRUE WILL PAYABLE OUT OF CORPUS—SUIT TO CONSTRUE TRUST UNDER DEED UNNECESSARY.

Where a suit to construe a will creating a trust was necessary, the expense thereof should be paid out of the *corpus* of the estate, but the expense of a suit to construe the powers and duties of the trustee under a trust deed, which was unnecessary, must be borne by the trustee.[8]

9. SAME—ACCOUNTING IN PROBATE COURT RES ADJUDICATA—TRUSTEESHIP UNDER DEED.

Although accounting in probate court which improperly included trusteeship under a deed, is, by action of the parties, *res adjudicata*, yet it does not rule subsequent accounting or give the probate court jurisdiction of accounting by the trustee under the deed.[9]

Appeal from Wayne; Houghton (Samuel G.), J., presiding.      Submitted October 27, 1925.      (Docket No. 103.)      Decided January 28, 1926.

Bill by Jennie Wright Jones, trustee under a deed from Walter S. Harsha, deceased, against John W. Harsha and another for a construction of said deed. From the decree rendered, all parties appeal.      Modified and remanded.

*U. R. Loranger*, for plaintiff.

*Stevenson, Butzel, Eaman & Long* (*Thomas G. Long*, of counsel), for defendant Harsha.

WIEST, J.      October 19, 1916, Walter S. Harsha, by warranty deed delivered in escrow, conveyed certain premises on Larned street, city of Detroit, to Jennie

[7]Trusts, 39 Cyc. pp. 331, 337; Wills, 40 Cyc. p. 1793; [8]Wills, 40 Cyc. p. 1865; [9]Judgments, 34 C. J. § 1286.

W. Jones for life, for the uses and upon the trusts and with the powers and provisions therein limited, declared and expressed, with remainder over to John W. Harsha, subject to a contingent obligation. The deed provided that a mortgage upon the property should be paid out of the grantor's estate; that the life tenant should, out of the income, pay all taxes and assessments, keep the premises in repair, wear and tear and damage by the elements excepted; manage, control, build, erect, rent, lease and release all or a part of the premises for such period, not exceeding 99 years, and upon such terms as she might think best, but the rents to be in monthly installments. The life tenant was granted power to mortgage the premises for improvements thereon, and, upon bond for replacement, permit the wrecking of any building or buildings thereon for the purposes of improvement. At the death of the life tenant the remainderman was given possession with all the rights of owner, subject to the obligation that, if Harlow T. Jones, the son of the life tenant, survived his mother, the remainderman should pay him $100 per month, out of the income of the property, during his lifetime.

The same day this deed was executed and delivered in escrow, Mr. Harsha made his will, in which he provided that the mortgage on the Larned street premises be paid out of his estate, bequeathed $20,000 to John W. Harsha, made bequests to others and devised and bequeathed the residue of his estate to Jennie W. Jones, for life, with remainder over to John W. Harsha. The will also required the life tenant to pay, out of the income, all taxes and assessments and to keep the premises in repair, wear and tear and damage by the elements excepted, and granted her, as executrix and trustee, power to manage and control, to build and erect any improvements thereon, to rent and lease, for not more than 99 years, and to sell

and convey or contract for sale, by proper instrument, with or without the usual covenants of warranty,

"all or any part of my estate which I now or shall hereafter own or which shall now or hereafter stand in my name, except the property on the southwest corner of Larned street and Cass avenue, for such price and upon such terms as she shall deem best, and to invest and reinvest the proceeds or any part thereof; to invest, reinvest and change the form of investments at any time as she shall deem best, but she shall not be required to change the form of any of my estate; to mortgage said estate for the purposes of placing any improvement thereon for an amount not to exceed the cost of such improvement."

This will was before us for construction in *Jones* v. *Harsha*, 225 Mich. 416. Under the will there came to Mrs. Jones the homestead of Mr. Harsha on Peterboro street. This property has been improved at large expense by the trustee and is now subject to mortgages.

The bill herein was filed by the life tenant and trustee to have her powers and duties under the deed construed and to adjudge and decree that the deed and will created a single trust and the Larned street property may be mortgaged to help pay the expenses of improvements on the Peterboro street property.

The interest of defendant in the Larned street property is a vested remainder in fee. This remainder can in no way be destroyed by the trustee. It may come to defendant charged with a mortgage or lease made by the trustee pursuant to express power conferred by the deed. The interest of defendant in the Peterboro street property is that of a contingent remainder, dependent upon the exercise of the powers granted the trustee by the will. The trusts do not relate to interests running the same course or dependent upon the exercise of the same powers. The Larned street property may not be mortgaged in aid

of the Peterboro street property.    The rights of defendant in the Larned street property, being a vested remainder in fee, may not be hazarded by a mortgage to aid in the trustee's management of the Peterboro street property in which defendant has a remainder subject to contingencies.    The insurance upon the Larned street property, if the policy designates the trustee and the remainderman as beneficiaries, should be paid for by both.    The same is true of the Peterboro street property.    Plaintiff is trustee by deed of the Larned street property and trustee by will of the Peterboro street property.    As trustee by deed she is not subject to account in the probate court, but as trustee by will she must account in the probate court.    Moneys, if any, derived from mortgage of the Peterboro street property and expended upon the Larned street property, beyond meeting obligations placed upon the trustee in the deed, constitute a charge against such property.

Defendant, as remainderman, has insurable interests in both properties.    If the insurance taken out or hereafter procured recognizes such insurable interests then defendant should bear his proportionate part of the expense thereof.    This does not mean that the insurance is to be paid out of the *corpus* of the estates, but by the life tenant and the remainderman.    The expenses of improvements on the Peterboro street property are proper charges against the *corpus* of the estate under the will, but the carrying charges occasioned thereby are to be cared for by the life tenant out of the income.    It would be manifestly inequitable to charge the carrying expenses, as well as the cost of the improvements, to the *corpus* of the estate and permit the increased income occasioned thereby to go to the life tenant free from obligation, for this would admit of a possible quick destruction of the estate.    The same is equally true of the Larned street property under the deed.

The suit to have construction of the will was necessary and the expense thereof should be paid out of the *corpus* of the estate; that is the Peterboro street property.    This suit was not necessary and should not have been brought, and the trustee must bear the expense thereof without recourse to the *corpus* of either estate.    The former accounting in the probate court, while improperly inclusive of the trusteeship under the deed, is, by action of the parties, *res adjudicata,* but does not rule subsequent accounting or give the probate court jurisdiction of such an accounting by the trustee under the deed, or operate as a construction of the rights of the parties under the deed.

We decline, upon this record, to state an account, and the case is remanded to the circuit to take further evidence, if necessary, and decree an account between the parties with reference to the Larned street property, and remanded to the probate court for the county of Wayne to have plaintiff account as trustee under the will.

The decree in the circuit is modified, and one will be entered here in accordance with this opinion.    Defendant will recover costs of this court.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.

Justice MOORE took no part in this decision.