### BENJAMIN v. FAIRCHILD.

1. JUDGMENT—RES ADJUDICATA—SUIT IN EQUITY TO SET ASIDE ORDER OF PROBATE COURT DETERMINING HEIRS, NOT APPEALED FROM, BARRED.

   Where claimants of an estate invoked˙ the power of the probate court, which had jurisdiction of the matter, to determine the heirs at law of a deceased person, and the court considered their claim and made an order determining others to be the heirs at law, from which no appeal was taken, claimants are barred, by the doctrine of *res adjudicata*, from again raising said issue in a suit to set aside the order of the court.

2. MARRIAGE—PRESUMPTION THAT MARRIAGE IS VALID WHETHER CEREMONIAL OR COMMON LAW.

   The presumption of legality of marriage, whether ceremonial or common law, applies where a husband deserted his wife, went to war, was not heard of again for nearly 50 years, and in the meantime, without obtaining a divorce, the wife remarried and lived with her second husband until his death 31 years later.

Appeal from Wayne; Collins (Joseph H.), J., presiding. Submitted January 17, 1928. (Docket No. 62.) Decided April 3, 1928.

Bill by Agnes Benjamin and others against Alice May Fairchild and others to set aside a final order of distribution of the estate of Andrew Turnbull, deceased. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Yerkes, Simons & Goddard* (*C. Upton Shreve* and *Don M. Harlan,* of counsel), for plaintiffs.

*C. H. & G. M. Lehman,* for defendants.

[1]Judgments, 34 C. J. § 1170; [2]Marriage, 38 C. J. § 104.

WIEST, J.    The bill herein was filed October 8, 1925, to set aside a final order of the probate court for the county of Wayne, made December 5, 1922, adjudging defendants Fairchild and Smith sole heirs at law of Andrew Turnbull, deceased, and assigning the estate to them.    Plaintiffs claim that they are the heirs at law of Andrew Turnbull, deceased, and defendants Fairchild and Smith, while daughters of Turnbull, are illegitimate because their mother was never divorced from her first husband, Samuel L. Collins.    The bill was dismissed on the ground that the order of the probate court was *res adjudicata.*    Plaintiffs appealed and claim the petition for administration was false and fraudulent, and, therefore, the probate court acquired no jurisdiction.    No excuse is alleged or shown by plaintiffs for not appealing from the probate order if dissatisfied therewith.                        .

Andrew Turnbull's wife was formerly Sarah Van Houghton, and, in February, 1863, she was married to Samuel L. Collins.    About three months after the marriage Collins deserted his wife and a little later became a soldier in the Civil War and was not heard of again for nearly 50 years.    One child was born of that marriage.    In 1865, Sarah married Andrew Turnbull and lived with him until his death in 1896, a period of 31 years.    Defendants Fairchild and Smith were born of that marriage.    Samuel L. Collins died in 1918.    After the death of Turnbull, Sarah married a Mr. Brown, with whom she lived but a short time when he died, and, in April, 1921, she died.    Andrew Turnbull, at his death, owned real estate then worth about $1,500.    After the death of Sarah, and in April, 1921, defendant Fairchild applied for administration of the estate of her father and averred that she and her sister Sarah A. Garfield (now Smith) were the heirs at law of Andrew Turnbull.    The usual probate proceedings were had.    September 7, 1922, Agnes

Benjamin, one of plaintiffs, filed a petition in the probate proceeding, alleging that defendants Fairchild and Smith were illegitimate children, that plaintiffs herein were the true heirs at law, and asked the probate·court to determine the legal heirs of .Andrew. Turnbull entitled to inherit the real estate. We understand from the record that testimony was taken in the probate court. The probate court adjudged defendants Fairchild and Smith to be the only heirs at law of Andrew Turnbull, deceased, and assigned to them, in equal shares, 'the real estate. No appeal was taken from this adjudication. We are satisfied that defendants Fairchild and Smith in good faith believed themselves to be legitimate children of Andrew and Sarah Turnbull, and the proceeding to administer the estate was so prosecuted to its conclusion. By this bill plaintiffs sought to try.out the very issue presented to the probate court by the petition of Agnes Benjamin. The probate court had jurisdiction to determine the heirs at law, was petitioned to do so, and adjudicated that subject.

In the probate court one of the plaintiffs herein, in behalf of all, invoked the power of the court to determine the heirs at law. This was a recognition, and a proper one, of jurisdiction in that court, and, upon adjudication there, barred plaintiffs, except by appeal, from questioning the finality thereof. *Riebow* v. *Ensch*, 220 Mich. 450; *Chapin* v. *Chapin*, 229 Mich. 515; *Thompson* v. *Thompson*, 229 Mich. 526.

This disposition eliminates discussion of the evidence claimed to substantiate the averment that the mother of defendants Fairchild and Smith was never divorced from her husband Collins. We say, however, that our opinion in *May* v. *Meade*, 236. Mich. 109, relative to the presumption of legality of marriage, whether ceremonial or common law, is applicable to the case at bar.

The defendants Bentley are purchasing the real estate from defendants Fairchild and Smith.

The decree in the circuit is affirmed, with costs to defendants.

NORTH, FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.