BAILEY *v.* JONES.

1. CONTRACTS — BUILDING CONTRACT — ARCHITECTS — APPROVAL BY ARCHITECT AS OWNER'S AGENT CONSTITUTED ACCEPTANCE IN ABSENCE OF FRAUD.

Under building construction contracts, where the work was supervised and inspected during the course of construction by the architect, who was the owner's agent with authority to reject materials and workmanship, his approval, unless fraudulent, was an acceptance of their work.

2. SAME—TIME OF COMPLETION MERELY TALKED ABOUT NOT CONTRACTUAL.

Where, both before and after execution of contracts for the remodeling of a building, the parties discussed the time for completion, but no mention of time was made in the contracts, the talk about time was merely an estimate and not contractual.

3. ESTOPPEL—"WAIVER" DEFINED.

Waiver is the intentional relinquishment of a known right, and the usual manner of waiving a right is by acts which indicate an intention to relinquish it, or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive.

4. SAME—EXECUTION OF MORTGAGE WITH KNOWLEDGE OF DEFECTS CONSTITUTED WAIVER OF DAMAGES.

Where, at the time the owner of a remodeled apartment house executed a mortgage to the architect to secure sums owing to him and the contractors, both the owner and her attorney had knowledge of defects in workmanship and material, the execution of the mortgage operated as a waiver of their lien (3 Comp. Laws 1915, § 14820), and also as a waiver of the owner's claim for damages.

5. SAME—IF CLAIM FOR DAMAGES RESERVED SAME CANNOT BE ASSESSED WHERE RECORD FAILS TO SHOW AMOUNT.

If notice to the architect, both before and after execution

As to conclusiveness of architect's certificate as acceptance of work under building contract, see 6 R. C. L. 962; 2 R. C. L. Supp. 253; 5 R. C. L. Supp. 382.

Knowledge of existing right and intention to relinquish right, as essential to constitute waiver, see 27 R. C. L. 908, 911; 4 R. C. L. Supp. 1770; 5 R. C. L. Supp. 1487; 6 R. C. L. Supp. 1673; 7 R. C. L. Supp. 959.

of the mortgage, that he would be held liable for damages because of a serious defect, amounted to a reservation of a right to claim damages therefor, assessment of same cannot be made upon the record, which fails to show cost of repairing same.

6. SAME—RENEWAL OF NOTES WITH KNOWLEDGE OF DEFECTS WAIVED CLAIM FOR DAMAGES.

Where, after the execution of the mortgage, other defects appeared, and the owner, with knowledge thereof, renewed notes given to the architect, promising to pay his fee, and also renewed notes given to the contractors, without claim of damages in either case, this showed a clear intent not to claim damages.

Appeal from Wayne; Sample (George W.), J., presiding.     Submitted April 19, 1928.     (Docket No. 134, Calendar No. 33,706.)     Decided June 4, 1928.

Bill by Rufus Arthur Bailey, trustee, against Jennie Wright Jones for the foreclosure of a mortgage.     From a decree for plaintiff, defendant appeals.     Affirmed.

*S. Homer Ferguson,* for plaintiff.

*William Henry Gallagher (Edward J. Fallon* and *Edmund B. Sullivan,* of counsel), for defendant.

FEAD, C. J.     Plaintiff Bailey is an architect.     Defendant had a three-story brick residence a half century old.     Plaintiff solicited her for employment to convert the house into an apartment building.     After many negotiations, during which defendant had an attorney by her side, a written contract was made on March 19, 1924, by which plaintiff was employed at a fee of 10% of the cost,

"as architect and superintendent, you to furnish all necessary plans and specifications and to supervise the construction of the building and see to it that the labor and materials are all in accordance with the plans and specifications and contracts."

Plaintiff also agreed to, and did, assist in the financing of the project by mortgages, and his compensation was to come from the proceeds of the loans. Bailey secured contractors willing to wait for their pay. Contracts for the work were drafted or approved by defendant's attorney and made between the contractors and defendant. Tenants of defendant took possession and began to pay rent January 1, 1925.

A first mortgage of $45,000 was negotiated on January 2, 1925. On January 15, 1925, defendant gave Bailey, as trustee, a second mortgage for $38,650.22, in trust to secure payment of the sums owing to the contractors, Bailey, and defendant's attorney. The mortgage was made payable 90 days after date, to secure notes given to the *cestui que trustent* in the amount of their claims. Most of the notes were renewed from time to time, Bailey having renewals on July 15, 1925.

This action was commenced January 8, 1926, to foreclose the second mortgage. Defendant claimed damages for defective workmanship and delay in completing the building.

The claim against some of the contractors was that their work was not in accord with the plans and specifications. Their work was supervised and inspected during the course of construction and approved on completion by Bailey, who was then defendant's agent with authority, under the contracts, to reject materials and workmanship. His approval, unless fraudulent, was an acceptance of their work. 9 C. J. pp. 796, 797.

The claim against Bailey is that he did not complete the building at the agreed time and did not properly supervise the construction. Both before and after the contract was made, the parties discussed the time for completion. No mention of it was made in Bailey's contract nor in those of the contractors. Aside

243—Mich.—11.

from application of the rule against varying written contracts by parol, the talk about time of completion was, obviously, an estimate and not contractual.

In several respects the work was not well done. All the major defects had developed and were known to defendant and her attorney at the time the mortgage was given. Some minor ones appeared afterward. A subsequently discovered major defect claimed was that the new construction had broken from the old building because of a failure to properly tie them together. The testimony did not show that Bailey's plans in that respect were not in accord with recognized architectural practice. No defects traceable to improper execution of his plans were shown to have been discovered after the renewal of Bailey's notes in July. Plaintiff claimed defendant had waived her right to recoupment of damages. That is the principal question in the case.

Waiver is the intentional relinquishment of a known right. 40 Cyc. p. 252. The usual manner of waiving a right is by acts which indicate an intention to relinquish it (40 Cyc. p. 265), or by so neglecting and failing to act as to induce a belief that it was the intention and purpose to waive. 27 R. C. L. p. 911.

When the mortgage was executed, defendant's attorney met with plaintiff and the contractors. He had had several conferences with them about their claims. He had been trying to get authority for defendant to mortgage other property belonging to her trust estate to pay these obligations and had a case pending in this court for that purpose. *Jones* v. *Harsha,* 233 Mich. 499, decided January 28, 1926. Defendant and her attorney knew of the defects in the building. Presumably, they knew of her rights and how to preserve them. The mortgage was given, pending the decision as to defendant's authority, to prevent foreclosure and to obtain time to raise money. "The question about loss of rent or defective material or workmanship was

not raised or discussed at that time." The mortgage operated as a waiver of lien. 3 Comp. Laws, 1915, § 14820. The giving of the mortgage was plainly a waiver of claim for damages against the contractors for known defects.

In some respects Bailey's situation has special features. The most serious defect was a leaky basement apartment. Defendant claimed this work was not done according to contract. Her attorney told Bailey, both before and after the execution of the mortgage, that he would be held liable for loss of rent because of the inadequate drainage. Defendant had it repaired in September, with considerable other work, but the separate cost of repairing the basement was not shown. If the notice given Bailey by the attorney amounted to a reservation of right of action against Bailey for this item, the damages could not be assessed upon this record.

The defects appearing after the mortgage was given were known to defendant in about a month. With full knowledge of them and upon advice of her attorney, she gave renewals of Bailey's notes, unconditionally and without claim of damage, promising to pay his fee. This, following the mortgage, showed a clear intent not to claim damages from him. She also renewed notes of the contractors, with like effect.

In addition thereto, it may be said that the estimated cost of repairing the defects subsequently discovered was not segregated in the testimony and no basis afforded for an award of damages thereon.

The decree is affirmed, with costs.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.