BANK OF SAGINAW *v.* NASON.

1. WILLS—CONSTRUCTION BY PROBATE COURT.

Probate court is vested with full power to construe wills during the course of administration as well as upon final distribution of estates.

2. JUDGMENTS—CONSTRUCTION OF WILL—RES JUDICATA.

Adjudication by probate court in construing a will during the course of administration of the estate, which was not appealed, became the law of the case and barred circuit court from exercising jurisdiction over the same subject.

Appeal from Saginaw; Browne (Clarence M.), J. Submitted January 16, 1934. (Docket No. 20, Calendar No. 37,506.) Decided April 3, 1934.

Bill by Bank of Saginaw, as executor of the last will of George M. Nason, deceased, against Lucinda Nason and others for construction of a will. Decree for plaintiff. Defendants appeal. James L. Thompson, trustee in bankruptcy of Robert H. Nason, 3d, and Henry M. Nason, copartners, intervened as party plaintiff in this court. Reversed.

*A. Elwood Snow* (*Frank A. Rockwith,* of counsel), for plaintiff.

*A. J. Michelson* and *Charles Cheeney,* for intervener.

*Payne & Payne* (*Albert McClatchey,* of counsel), for defendants.

WIEST, J. The bill herein was filed to obtain construction of the will of George M. Nason, deceased. The second clause of the will provided:

"I give, devise and bequeath to my beloved wife, Lucinda Nason, the net income from all the balance of my property, real, personal and mixed of every description that I may die seized of, wherever situated, for and during her natural life, and should my wife at any time desire to use any portion of the principal of my said estate, then, in that event, it is my will that my said wife, may use such part or portion of the principal of my said estate as she may desire, and my executor is hereby authorized and directed to pay and deliver over the same to her."

The third clause provided: "Whatever property or estate which shall remain undisposed of upon the

death of my wife, I give, devise and bequeath as follows:'' to each of eight grandchildren $2,000; to his four children the balance or remainder of the estate in equal shares.

The fourth paragraph of the will authorized the executor to retain any of the property but subject to the terms of the will, and to sell at public or private sale; to borrow money, etc.

The will was executed September 25, 1928, and testator died possessed of an estate of about $250,000. The will was admitted to probate on July 1, 1929. On January 8, 1930, Lucinda Nason made a demand for certain portions of the *corpus* of the estate, amounting to several thousand dollars. The executor, by petition, referred the demand to the probate court and asked for an order construing the will and for authority to assign the demanded property to the widow. The probate court held that: ''The said deceased intended that his wife, Lucinda Nason, was to have the income from all the property of said deceased during her natural life, and portions of the principal of said estate as she from time to time may desire,'' and authorized the executor to turn over the demanded property to Mrs. Nason, and such was done.

In December, 1931, Mrs. Nason demanded that the executor turn over to her upward of $200,000 of the estate, represented by bonds, mortgages, notes and certificates of deposit, less sums needed to pay debts, charges and expenses of administration. No hearing was had on this demand, but the executor filed this bill in the circuit court to have construction of the will.

In the circuit court it was held that the second paragraph of the will created a life estate in Mrs. Nason, under which she was to receive the net in-

come from the property, with the further right to receive such a part or portion of the principal of the *corpus* of the estate as might be necessary for her comfortable maintenance during the remainder of her life and, in accordance with her situation in life, considering the value of the estate, and in the judgment of the executor should be deemed just and reasonable, and that Mrs. Nason had no right or authority to demand from the executor any part or portion of the principal as before stated. The court also decreed that the fourth paragraph of the will created a trust fund and appointed the executor of the estate trustee of the trust estate.

Defendants prosecute an appeal from that decree and claim that the construction of the will in the probate court was *res judicata* and right in point of fact and law, and that the executor should turn over to her the portion of the estate she demanded.

Decision turns upon whether the probate court is vested with power to construe a will during the course of administration and before final assignment of the estate. If the probate court had power to construe the will and exercised the power then valid construction was had and, in the absence of an appeal, such construction is final and the bill herein cannot be maintained. It is conceded that the probate court is vested with full power to construe wills upon final distribution of estates, but it is contended that the power cannot be exercised, no matter how imperative the need, during the course of administration.

Instances occur during the course of administration of estates requiring construction of wills and the power of the probate court in such cases to give construction is an essential part of administration long practiced and many times approved by this court.

In the instance at bar demand under the terms of the will was made upon the executor. This demand required construction of the will. The executor very properly petitioned the probate court to construe the will with reference to the demand. The probate court construed the will and the executor complied with the adjudication. Upon subsequent demand, clearly within such construction, the executor filed the bill herein to have the circuit court construe the will. The probate court adjudication, not having been appealed, became the law of the case and barred the circuit court from exercising jurisdiction over the same subject.

A contrary holding would render the compliance of the executor with the probate court construction extremely hazardous for, if nugatory, there has been an unlawful partial division of the *corpus* of the estate. The executor sought and obtained two adjudications, one directly contrary to the other. Plaintiff's position is anomalous, for it acted under the probate court adjudication and now seeks affirmance of a contrary adjudication in the circuit court. The probate court has jurisdiction, at the time of distribution of an estate, to construe a will. *In re Lyon's Estate,* 229 Mich. 80.

In that case the administration had been completed and the estate was ready for final distribution. The point there involved was not at all the point here presented, and we did not intend to be understood in that case as departing from our previous holdings that where, in the course of administration of an estate, it becomes necessary to construe the will under which right to an assignment preceding final distribution is asserted, the probate court may construe the will before final settlement and distribution. The following language in that opinion: "The rule as laid down in the earlier cases limits the

power of the probate court to construe wills to the time when the estate is settled and the construction is necessary for its assignment. This is as far as the court intended to go in *Reibow* v. *Ensch,* 220 Mich. 450, and in *Jones* v. *Harsha,* 225 Mich. 416,'' was somewhat ambiguous and wholly beside the issue there involved and is not to be taken as limiting the holdings in the cases mentioned.

In *Reibow* v. *Ensch, supra,* we held, and now reaffirm the holding that:

"The probate court in the course of the administration of estates has power to construe a will and the construction placed upon a will in the exercise of such jurisdiction is *res judicata* unless an appeal is taken. *Glover* v. *Reid,* 80 Mich. 228; *Byrne* v. *Hume,* 84 Mich. 185; (on rehearing) 86 Mich. 546; *Calhoun* v. *Cracknell,* 202 Mich. 430.''

In *Jones* v. *Harsha, supra,* we stated the same rule.

Plaintiff contends that the will created a life estate in the income to the widow and vested the entire estate in the trustee under a spendthrift trust. The construction given the will in the probate court leaves no such question for consideration at this time.

The decree is reversed and the bill dismissed, with costs to defendants.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.