PROGRESSIVE MUTUAL INSURANCE COMPANY
*v.* AVIS FORD, INC.

1. Bailment—Negligence—Liability—Waiver.

  Payment by an insurance company to a garage of the cost of repairing damage done by vandals to a car stored on the garage's lot *held,* not a waiver of the insurance company's claim against the garage for negligence, where payment was required by the terms of the insurance company's policy on the car and was necessary before the insurance company could become the subrogee of the owner of the car.

2. Same—Bailee's Liability—Garagekeeper—Statute.

  Clause in defendant garage's bailment contract disavowing liability for damage to cars or things left in them resulting from fire, theft, or causes beyond defendant's control *held* invalid, because it conflicts with the Garagekeepers Liability Act (CL 1948, §§ 256.541, 256.545).

3. Same—Garagekeeper—Negligence—Question of Fact.

  Finding by trial court that garagekeeper was negligent in storing a car which could not be locked in an unguarded parking lot over a holiday weekend so that it was subject to damage by vandals *held,* not clearly erroneous where there was evidence that other cars on the lot were locked and the keys kept in cashier's office and that, despite the fact that lot was fenced and floodlighted, there had been previous instances of vandalism on the lot.

Appeal from Common Pleas Court of Detroit, Vokes (David C.), J.  Submitted Division 1 Decem-

References for Points in Headnotes
[1]  8 Am Jur 2d, Bailment §§ 124, 125, 287, 288.
[2]  8 Am Jur 2d, Bailment §§ 129, 130.
[3]  8 Am Jur 2d, Bailment §§ 325, 326.

ber 5, 1968, at Detroit.   (Docket No. 4,920.)   Decided January 27, 1969.

Complaint by Progressive Mutual Insurance Company, as subrogee of Robert Williams and General Finance Corporation, against Avis Ford, Inc., a Michigan corporation, to recover damages paid under an insurance policy.   Judgment for plaintiff. Defendant appeals.   Affirmed.

*Brian Einhorn,* for plaintiff.

*Balfour D. Peisner,* for defendant.

Per Curiam.   On January 26, 1965, Robert Williams left his car with defendant Avis Ford, Inc., so that it could be repaired.   Avis could not proceed with the repairs until an insurance company adjustor gave authorization therefor.   The authorization was given on March 29, 1965, and Avis began the repair work on April 6.   The repairs were completed about two weeks later and Williams was notified.   When he came to get his car, Williams did not have the $100 to pay his deductible and he asked if he could charge the $100 or finance it.   Avis replied that it would not release the car until the $100 was paid in cash and consequently Williams never did retrieve his car.

During the Memorial Day weekend, vandals damaged the car, as it stood on Avis' lot.   They removed the seats, the radio and the transmission.   On June 29, 1965, General Finance Corporation paid the $100 deductible and took the car.   On August 27, 1965, Progressive Mutual Insurance Company paid Avis $616.75, the cost of the repairs for the vandalism, and it subsequently brought this action, as subrogee

of Williams and General Finance, against Avis to recover the amount it paid.

Progressive did not present any testimony in support of its case, but relied solely upon the garage-keepers liability statute, CL 1948, § 256.541 (Stat Ann 1968 Rev § 9.1721) which provides:

"Whenever any damage shall be done to any motor vehicle while in the possession or under the care, custody or control of the owner, his agent or servant, or the keeper of any public garage or other establishment where such vehicle shall have been accepted for hire or gain, proof of such damage shall be prima facie evidence that such damage was the result of the negligent act of such owner or keeper of the place where such vehicle was stored."

Avis presented the testimony of Fred Martin, the manager of its body shop, who stated that signs were posted in the shop to the effect that Avis would not be responsible for damage to cars left more than 30 days. As to the protection of cars in Avis' lot, Martin testified that the lot was fenced and floodlighted, and that all cars were locked and the keys placed in the cashier's office. Williams' car, however, had not been locked because it was incapable of being locked. Martin acknowledged that there had been previous instances of vandalism on the lot. He further stated that in refusing to release the car until the deductible amount was paid Avis was seeking to protect its interests.

The trial court held that Avis was negligent in storing an unlocked car in the lot over the holiday weekend and therefore awarded Progressive a judgment in the amount of $616.75 plus costs.

Defendant presents the following issues for review: (1) Did Progressive waive its right to recover by making payment to defendant? (2) Did defendant's bailment contract relieve it of liability for

damages due to vandalism? (3) Did the trial court err in finding that defendant was negligent?

Defendant contends that plaintiff relinquished whatever right it had to recovery by voluntarily paying the cost of repairs. The cases cited by defendant in support of its contention are distinguishable from the instant case and not applicable.

Plaintiff stated that its reason for paying was because it was liable under its policy of insurance. Also, until the claim was paid and it became the subrogee of Williams and General Finance, it had no right to assert its claim in this action determining Avis' liability, if any. The procedure certainly does not present itself as the intentional relinquishment of a known right. See *Bailey* v. *Jones* (1928), 243 Mich 159. There is no basis in law for defendant's claim of waiver.

Defendant's bailment contract contains a provision which states:

"Not responsible for loss or damage to cars or articles left in cars in case of fire, theft, or any cause beyond our control."

It is defendant's argument that this provision is valid and bars plaintiff's recovery. We find the provision of defendant's bailment contract to be in direct conflict with the Garagekeepers Liability Act and invalid by reason of CL 1948, § 256.545 (Stat Ann 1968 Rev § 9.1725) which reads:

"This act is hereby declared to be in the interest of public policy and no contract nullifying the provisions hereof shall be valid."

Finally, we cannot say that the trial court's finding that defendant was negligent in leaving an unlocked car in the unguarded lot over a holiday week-

end, when all other cars in the lot were locked is clearly erroneous.

Affirmed.   Costs to plaintiff-appellee.

Levin, P. J., and Holbrook and Rood, JJ., concurred.