Cavanagh, J.
(concurring in the result). I agree with the majority’s conclusion that the trial court improperly instructed the jury on the charged offense, MCL 750.145a. Although I do not believe that the evidence against defendant was “overwhelming,” I concede that, under the facts of this case, defendant cannot establish that he is entitled to relief under plain-error review. Accordingly, I concur only with the result reached by the majority opinion. I write separately, however, because I question the majority’s waiver analysis. I also write to reiterate my belief that this Court should not have extended the plain-error review doctrine to the type of arguably unpreserved constitutional error present in this case.
Federal caselaw suggests that the majority’s waiver analysis is overly simplistic. As the majority correctly explains, the canonical definition of “waiver” is the “ ‘intentional relinquishment of a known right.’ ” People v Shahideh, 482 Mich 1156, 1180 (2008) (Cavanagh, J., dissenting), quoting Bailey v Jones, 243 Mich 159, 162; 219 NW 629 (1928) (emphasis added). Applying this definition, the United States Court of Appeals for the Third Circuit has concluded that the threshold question in determining whether an issue capable of being waived has indeed been waived is “whether the appellant who failed to object in the trial court to an error that violated his rights was aware of the relinquished or abandoned right.” Virgin Islands v Rosa, 399 F3d 283, 291 (CA 3, 2005) (emphasis added). In other words, while “waiver is accomplished by intent,” unpreserved, or what has been dubbed “forfeited,” error “comes about through neglect.” United States v *512 Cruz-Rodriguez, 570 F3d 1179, 1183 (CA 10, 2009) (quotation marks and citations omitted); see, also, People v Grant, 445 Mich 535, 554; 520 NW2d 123 (1994) (Levin, J., concurring). Accordingly, a rote statement by trial counsel that he has “no objection” to the instructions, or his expression of satisfaction with the instructions as given, may not necessarily be determinative of whether the right was in fact waived. Rosa, 399 F3d at 287-289, 291, 293. Instead, whether a failure to object will be deemed a waiver depends on whether the defendant had knowledge of the right, yet intentionally chose to abandon it or “consciously refrain[ed] from objecting as a tactical matter.” Id. at 291 (quotation marks and citations omitted).[1]
Although some federal courts have concluded otherwise, see, e.g., United States v Gonzalez, 319 F3d 291, 298 (CA 7, 2003), in my view, the aforementioned analysis is persuasive and consistent with the generally recognized notion that waiver of a constitutional right should not be lightly presumed, see Brookhart v Janis, 384 US 1, 4; 86 S Ct 1245; 16 L Ed 2d 314 (1966) *513 (explaining that “[t]here is a presumption against the waiver of constitutional rights”); Rosa, 399 F3d at 294 n 12 (explaining that a defendant’s federal due process rights are violated if a jury instruction omits or materially misdescribes an essential element of an offense). By focusing on the definition of waiver — i.e., the intentional relinquishment of a known right — the federal caselaw discussed ensures that a defendant’s right to appellate review of an instructional error is not summarily foreclosed simply because trial counsel mechanically agreed with an erroneous jury instruction when counsel was unaware of the correct rule of law or, if aware of it, did not realize that the instruction misstated the law. Rosa, 399 F3d at 291.
In light of this caselaw, I would not hastily presume that a waiver occurred in this case simply because defense counsel stated on more than one occasion that he had no objection to the instruction. Indeed, the facts of Rosa counsel against such an analysis. See id. at 287-289, 291, 293.[2]
Nevertheless, I concur with the majority’s result because I agree with the majority’s conclusion that defendant cannot establish that he is entitled to relief under the plain-error standard of review. As I have noted in the past, however, I continue to disagree with this Court’s decision to extend plain-error review to *514 unpreserved constitutional errors and instead would subject such errors to harmless-error analysis. See Grant, 445 Mich at 554-557 (Levin, J., concurring); People v Carines, 460 Mich 750, 775-783; 597 NW2d 130 (1999) (MARILYN Kelly, J., concurring in part and dissenting in part); People v Borgne, 483 Mich 178, 196 n 8, 202 n 17; 768 NW2d 290 (2009). Indeed, as I have previously stated, the notion that a defendant would not be entitled to relief if, despite the error seriously affecting the fairness and integrity of the trial, he could not prove prejudice “seems to be an anomaly that should not stand” and is yet another reason that I continue to disagree with the Carines and Grant framework. Borgne, 483 Mich at 202 n 17.1 acknowledge that my position regarding unpreserved constitutional errors has yet to win the favor of this Court. Thus, as I have done in other cases, I recognize that Carines is the law in Michigan. For this reason, I concur only in the result reached by the majority opinion.
Marilyn Kelly, J., concurred with Cavanagh, J.

 See, also, Cruz-Rodriguez, 570 F3d at 1183, 1185 (stating that “[w]aiver occurs when a party deliberately considers an issue and malees an intentional decision to forgo it” and identifying the “classic waiver” situation as occurring when “a party ‘actually identified the issue,’ ‘deliberately considered’ it, and then affirmatively acted in a manner that ‘abandoned any claim’ on the issue”) (emphasis added) (citation omitted); United States v Arviso-Mata, 442 F3d 382, 384 (CA 5, 2006) (concluding that a scoring error was not waived when there was no evidence that counsel “knew of the sentencing guidelines issue,” yet “consciously chose” to forgo it given defense counsel’s mere statement that he had “no problem” with the presentence report); accord People v Grimmett, 388 Mich 590, 598, 601; 202 NW2d 278 (1972) (explaining that waiver requires both “specific knowledge of the constitutional right” and an “intentional decision to abandon the ... right” and concluding that no waiver occurred when defense counsel was mistaken in his view of the law), overruled on other ground by People v White, 390 Mich 245; 212 NW2d 222 (1973), overruled on other grounds by People v Nutt, 469 Mich 565; 677 NW2d 1 (2004).

 In Rosa, the United States Court of Appeals for the Third Circuit did not find a “knowing waiver situation” despite discussions regarding the jury instructions and despite defense counsel’s (1) statement that he had “looked at” the proposed instructions, that they could apply to his client, and that he had no additions to or modifications or corrections of the proposed instructions and (2) statements on at least three occasions that he was satisfied with the proposed jury instructions, including at least one acquiescence that occurred after a delay that provided the attorneys additional time to review and raise objections to the proposed instructions. Rosa, 399 F3d at 287-289, 291, 293.