LOESCH *v.* FIRST NATIONAL BANK OF ANN ARBOR.

1. EXECUTORS AND ADMINISTRATORS—ORDER OF DISTRIBUTION NOT AMBIGUOUS.

Order of probate court assigning to widow the residue of deceased husband's estate, ''she being only residuary devisee and legatee, in accordance with the provisions of the said last will and testament of said deceased,'' *held*, not ambiguous, but giving widow absolute title to residue of estate.

2. SAME—ORDER OF DISTRIBUTION—COLLATERAL ATTACK.

Whether order of distribution made by probate court after final account filed by administratrix, hearing thereon, and notice given to interested parties was in accordance with terms of will may not be questioned in collateral proceedings nearly 14 years later.

3. COURTS—FINAL DECREE FROM WHICH NO APPEAL IS TAKEN MAY NOT BE SET ASIDE IN COLLATERAL PROCEEDINGS IN ANOTHER COURT.

Final decree of court of competent jurisdiction made and entered in proceeding of which all parties in interest have due and legal notice, and from which no appeal is taken, may not be set aside and held for naught by decree of another court in collateral proceeding commenced years subsequent to date of such final decree.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 9, 1929. (Docket No. 38, Calendar No. 34,514.) Decided January 24, 1930.

Bill by Hattie Brown Loesch and others, heirs at law of Elbridge Gerry Brown, deceased, against First National Bank of Ann Arbor, Michigan, as administrator of the estate of Julia Watkins Brown, deceased, and others to construe an order of distribution of the probate court in the matter of the estate of Elbridge Gerry Brown, deceased, alleged to have

been ambiguous. From a decree for plaintiffs, defendants appeal. Reversed.

*Cavanaugh & Burke* and *Merritt D. Metz,* for plaintiffs.

*Stivers & Hooper* (*Stevenson, Butzel, Eamon & Long,* of counsel), for defendants.

NORTH, J. Elbridge Gerry Brown died September 16, 1913, leaving a holographic will by which he disposed of his estate consisting of personal property inventoried at $45,084.61 in the following language:

"Should my wife, Julia Watkins Brown, survive me, it is my will that she shall have the use and control of all property, personal and real, that shall be holden by me at the time of my decease for her sole benefit and use during her natural life, with the stipulation that she may remember the following persons who are dear to me because of ties of friendship."

The will was probated in Wayne county, and the widow was appointed administratrix with the will annexed. At the conclusion of the probate proceedings, the administratrix filed her final account and petitioned the probate court "that the residue of said estate be assigned to your petitioner under the terms of the will of deceased." This petition was set for hearing, notice thereof served on the interested parties, and without contest the following order of assignment was made:

"That the residue of said estate be and the same is hereby assigned to Julia W. Brown, widow of said deceased, she being only residuary devisee and legatee, in accordance with the provisions of the said last will and testament of said deceased."

Nearly 14 years later Mrs. Brown died intestate and without surviving children. She still had in her possession many shares of stock which she had received from her husband's estate, though she had caused them to be transferred to her own name. The First National Bank of Ann Arbor was appointed administrator of Mrs. Brown's estate by the probate court of Washtenaw county, and took possession of the stock here involved. The plaintiffs, as heirs-at-law of Elbridge Gerry Brown, asserted that Mrs. Brown's right to this stock was only the use and control thereof during her natural life, and, she having died, it belonged to them. They demanded it of the bank as administrator, but the bank refused to deliver it to the plaintiffs. Thereupon they filed a bill in chancery to secure an interpretation of the above-quoted order of assignment made in the Elbridge Gerry Brown estate. Plaintiffs allege that this order is ambiguous, and ask that its meaning be adjudicated. This is the sole purpose for which the bill was filed. The circuit judge decreed:

"That so much of the order of assignment * * * as purports to give the widow, Julia Watkins Brown, more than a life estate, is hereby declared to be null and void and of no force and effect whatever.

"That the property now constituting the corpus of the estate of Elbridge Gerry Brown, deceased, belongs to and is the property of the plaintiffs as heirs and distributees of said Elbridge Gerry Brown, deceased."

The First National Bank, as administrator of the estate of Julia Watkins Brown, and representing Mary Watkins Chapman, one of Mrs. Brown's heirs, who is entitled to four-fifteenths of her estate, has appealed. The other heirs of Mrs. Brown have

settled their respective claims with the plaintiffs and are not concerned in this appeal.

The first consideration is whether the above quoted order of assignment is ambiguous. The time has long passed when the question can be raised as to whether this order assigning the stock to Mrs. Brown was or was not in accordance with the terms of her husband's will. After due notice the order of assignment was entered May 19, 1914. No appeal was taken. The order was never questioned during the years prior to Mrs. Brown's death in March, 1928. We have carefully considered the briefs filed by plaintiffs' counsel, but we are unable to agree with them that there is a doubt or uncertainty as to the meaning and intent of this order which assigned the residue of Elbridge Gerry Brown's estate "to Julia W. Brown, widow of said deceased, she being only residuary devisee and legatee, in accordance with the provisions of the said last will and testament of said deceased." In the order of assignment no reference is made to Mrs. Brown as having only the income or use during her lifetime of the property which passed under the order of assignment. This was a final order. It closed the estate of Elbridge Gerry Brown. The casual reference in this order that Mrs. Brown was the only residuary devisee and legatee "in accordance with the provisions of the said last will and testament of said deceased" should not be construed to embody the terms of the will itself in the order, which is plain and specific in its provisions that the residue of the estate "is hereby assigned to Julia W. Brown, widow of said deceased." Nor is the order rendered ambiguous or inoperative because of this reference to Mrs. Brown as the only "residuary devisee and legatee," when in fact the will contained no provision whatever as

to a residuary devisee or legatee. It seems clear that the foregoing recital in the order is indicative of the construction the probate judge placed upon Mr. Brown's will; and, whether right or wrong, such construction is not now open to review. We hold that the order of assignment entered on May 19, 1914, is not ambiguous. The final decree of a court of competent jurisdiction made and entered in a proceeding of which all parties in interest have due and legal notice and from which no appeal is taken cannot be set aside and held for naught by the decree of another court in a collateral proceeding commenced years subsequent to the date of such final decree. The foregoing proposition of law is so axiomatic and has been applied so many times in this court to final orders of probate courts that citation of authorities is unnecessary; but the following may be noted: *Clark* v. *Fredenburg,* 43 Mich. 263; *Byrne* v. *Hume,* 84 Mich. 185; *Riebow* v. *Ensch,* 220 Mich. 450; *Chapin* v. *Chapin,* 229 Mich. 515; *Calhoun* v. *Cracknell,* 202 Mich. 430, and *Thompson* v. *Thompson,* 229 Mich. 526. The two cases last above cited are not only to the point of law involved, but they present strikingly similar facts. So far as the interest of the appellant, Mary Watkins Chapman, is concerned, the decree of the lower court must be reversed, and the estate of Julia Watkins Brown held to be possessed of the absolute title to the property received by Mrs. Brown from her husband's estate. The appellant will have costs of both courts.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and FEAD, JJ., concurred. MCDONALD, J., took no part in this decision.