## DOW v. SCULLY.

JUDGMENT—PROBATE COURT—ORDER OF DISTRIBUTION—COLLATERAL ATTACK.

Unappealed, unambiguous order of probate court assigning residue of estate of testatrix of which the probate court had had jurisdiction was a final order which was not subject to collateral attack upwards of 15 years later, even though the order may not have distributed the property in accordance with the command of the will.

Appeal from Wayne; Kane (Edward T.), J. presiding. Submitted March 3, 1965. (Calendar No. 66, Docket No. 50,721.) Decided June 7, 1965. Rehearing denied July 13, 1965.

Complaint by Estella Baier Dow against Michael F. Scully, also known as Frank M. Scully, executor of the estate of Irene Baier, deceased, and Minnie Simmons, Theodora Horn, Phyllis Scully, and Frank M. Scully to recover assets wrongfully obtained by Irene Baier. Judgment for defendants. Plaintiff appeals. Affirmed.

*Lucking, Van Auken & Miller* (*Howell Van Auken* and *Donald J. Miller*, of counsel), for plaintiff.

*Francis J. McDonald* and *Gladys Catherwood*, for defendants.

SOURIS, J. Mary Baier died testate on May 16, 1938. Her will provided, in pertinent part, that sub-

---

REFERENCES FOR POINTS IN HEADNOTE
37 Am Jur, Motions, Rules and Orders § 36.

stantially all her property vest in a trust for the benefit of her children. Upon her daughter Amelia's death, the trust was to terminate with one-third of the residue going to plaintiff Estella Baier Dow, one-third to Charles Baier, both children of testatrix, and one-third to certain named grandchildren of testatrix. The will also provided:

"2. * * *

"J. Should my son CHARLES A. BAIER die without issue, his share of said estate shall lapse whether the same be way of residue or income therefrom. Should my daughter ESTELLA Dow (nee Baier) die, her share shall go to her children by right of survivorship. * * *

"4-b. In the event of the death of my son, CHARLES A. BAIER without issue, it is my intention that his share shall go to the survivors, whether under the trust herein created or under the will. I have no desire to devise or bequeath any property or residue of my estate to his widow. Should my son, CHARLES A. BAIER, leave any heirs at law other than his widow, his share shall then go to his heirs at law."

Amelia Baier died on May 22, 1945. Plaintiff, Estella Baier Dow, who had been appointed administratrix *de bonis non* of the Mary Baier estate, thereupon petitioned the probate court to

"order a distribution to the sole heirs and beneficiaries as above stated of the remaining assets on hand and the residue of said estate * * * all in accordance with the provisions of the last will and testament of Mary Baier, deceased."

On January 9, 1947, the probate court entered an order which provided that:

"the residue of said estate, remaining in the hands of the said fiduciary and including the Federal income tax refund, be and the same is hereby assigned to Estella Baier Dow (nee Baier) and Charles A.

Baier, children of said deceased, each a two-sixth (2/6) part thereof, and to Mary Shirley Dow, Lawrence Frederick Dow and Frederick Baier Dow, grandchildren of said deceased, each an equal one-third (1/3) share in the remaining two-sixth (2/6) part, said persons being the only residuary devisees and legatees of said deceased, in accordance with the provisions of said will."

No appeal was taken from this order.

Charles Baier received as his share certain cash, stock and bonds, the title to which he placed in his name and the name of his wife, Irene. Charles died without issue on October 24, 1959, and his wife succeeded to his estate without probate proceedings. She died July 5, 1961, and defendant Scully was appointed administrator of her estate.

By complaint filed herein on May 21, 1962 plaintiff sought to obtain from the Irene Baier estate those assets which Charles Baier had received from the Mary Baier estate. Plaintiff argues that the assets Charles Baier received from the Mary Baier estate pursuant to the probate court order of January 9, 1947, were subject to an executory limitation over in her favor and in favor of other heirs of Mary Baier in the event that Charles died, as he did, leaving no issue. Plaintiff further argues that she has successfully traced the assets received by Charles into the estate of his wife Irene; that by the executory limitation, those assets should have been distributed upon Charles' death to the other beneficiaries under the will of Mary Baier; and that, consequently, the chancellor erred in construing that will as having given Charles an absolute estate in those assets upon termination of the trust.

It is not necessary for us to consider whether the chancellor correctly construed the will, since in the view which we take of this proceeding the chancellor was foreclosed from a consideration of this matter

by the January 9, 1947 unappealed decree of the probate court. The case of *Loesch* v. *First National Bank of Ann Arbor* (1930), 249 Mich 326, controls our decision in this case of Dow. As quoted by this Court in its opinion, testator's will, in the *Loesch Case,* provided (p 327):

" 'Should my wife, Julia Watkins Brown, survive me, it is my will that she shall have the use and control of all property, personal and real, that shall be holden by me at the time of my decease for her sole benefit and use during her natural life, with the stipulation that she may remember the following persons who are dear to me because of ties of friendship.' "

The probate court entered the following order (p 327):

" 'That the residue of said estate be and the same is hereby assigned to Julia W. Brown, widow of said deceased, she being only residuary devisee and legatee, in accordance with the provisions of the said last will and testament of said deceased.' "

Mrs. Brown died without surviving children nearly 14 years later, still possessing some of the shares of stock she had received under her husband's will. Plaintiffs, Mr. Brown's heirs, thereupon filed a bill in chancery alleging that the probate order was ambiguous and seeking its construction. The chancellor found that under the will Mrs. Brown had only a life estate and held that plaintiffs, as Mr. Brown's heirs, were entitled to that portion of his estate which remained at Mrs. Brown's death.

This Court wrote in *Loesch,* at pp 329, 330:

"The first consideration is whether the above quoted order of assignment is ambiguous. The time has long passed when the question can be raised as to whether this order assigning the stock to Mrs.

Brown was or was not in accordance with the terms of her husband's will. After due notice the order of assignment was entered May 19, 1914. No appeal was taken. The order was never questioned during the years prior to Mrs. Brown's death in March, 1928. We have carefully considered the briefs filed by plaintiffs' counsel, but we are unable to agree with them that there is a doubt or uncertainty as to the meaning and intent of this order which assigned the residue of Elbridge Gerry Brown's estate 'to Julia W. Brown, widow of said deceased, she being only residuary devisee and legatee, in accordance with the provisions of the said last will and testament of said deceased.' In the order of assignment no reference is made to Mrs. Brown as having only the income or use during her lifetime of the property which passed under the order of assignment. This was a final order. It closed the estate of Elbridge Gerry Brown. The casual reference in this order that Mrs. Brown was the only residuary devisee and legatee 'in accordance with the provisions of the said last will and testament of said deceased' should not be construed to embody the terms of the will itself in the order, which is plain and specific in its provisions that the residue of the estate 'is hereby assigned to Julia W. Brown, widow of said deceased.' Nor is the order rendered ambiguous or inoperative because of this reference to Mrs. Brown as the only 'residuary devisee and legatee,' when in fact the will contained no provision whatever as to a residuary devisee or legatee. It seems clear that the foregoing recital in the order is indicative of the construction the probate judge placed upon Mr. Brown's will; and, whether right or wrong, such construction is not now open to review. We hold that the order of assignment entered on May 19, 1914, is not ambiguous. The final decree of a court of competent jurisdiction made and entered in a proceeding of which all parties in interest have due and legal notice and from which no appeal is taken cannot be set aside and held for naught by the decree

of another court in a collateral proceeding commenced years subsequent to the date of such final decree. The foregoing proposition of law is so axiomatic and has been applied so many times in this court to final orders of probate courts that citation of authorities is unnecessary; but the following may be noted: *Clark* v. *Fredenburg,* 43 Mich 263; *Byrne* v. *Hume,* 84 Mich 185; *Riebow* v. *Ensch,* 220 Mich 450; *Chapin* v. *Chapin,* 229 Mich 515; *Calhoun* v. *Cracknell,* 202 Mich 430, and *Thompson* v. *Thompson,* 229 Mich 526."

This passage is applicable to the facts of the case at bar. The decree of the probate court here is as unambiguous as was that in *Loesch,* and since the probate court was one of competent jurisdiction, its decree "right or wrong" is not, some 15 years after its entry, open to belated and collateral review. See CL 1948, § 704.39 (Stat Ann 1962 Rev § 27.3178 [290]), which has been applicable in pertinent part since prior to entry of the probate court order.

The chancellor's order dismissing plaintiff's complaint is affirmed. Costs to defendants.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.