# STATE OF MICHIGAN

# COURT OF APPEALS

HELEN CONNOLLY,

       Plaintiff-Appellant,

v

COUNTY OF WAYNE, WAYNE COUNTY
TREASURER, and CITI ASSET
MANAGEMENT,

       Defendants-Appellees.

UNPUBLISHED
January 22, 2015

No. 318209
Wayne Circuit Court
LC No. 13-007115-CZ

Before: MURRAY, P.J., and SAAD and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition in favor of defendants.[1]  We affirm.

Plaintiff contends that the trial court erred in concluding that the Wayne County Treasurer did not owe her a legal duty to competently and diligently apply her paid property taxes to the parcel numbers written on the face of the check.  This Court reviews a trial court's decision to grant summary disposition de novo. *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 517; 847 NW2d 657 (2014).  The motions for summary disposition were filed pursuant to several grounds and the trial court did not specify on what subsection of MCR 2.116(C) it was relying.  "An appellate court will review a trial court's summary-disposition ruling under the correct rule." *Forest Hills Coop v City of Ann Arbor*, 305 Mich App 572, 617; 854 NW2d 172 (2014).  As discussed below, summary disposition was proper based on MCR 2.116(C)(4) (lack of jurisdiction), MCR 2.116(C)(7) (prior judgment), and MCR 2.116(C)(10) (no genuine issue of material fact).  With regard to MCR 2.116(C)(4), "[j]urisdictional questions are reviewed de novo, but this Court must determine whether the affidavits, together with the pleadings,

---

[1] The County of Wayne and Wayne County Treasurer contend that this Court lacks jurisdiction on the basis that the orders appealed from were postjudgment orders, rather than final orders, and plaintiff failed to timely appeal the tax judgment of foreclosure.  This argument lacks merit, however, because this case was a separate action from the foreclosure proceedings and was disposed of by a final order entered on July 23, 2013.

depositions, admissions, and documentary evidence, demonstrate . . . [a lack of] subject matter jurisdiction." *Forest Hills Coop*, 305 Mich App at 617 (citation and quotation marks omitted, ellipsis and second set of brackets in original). "This Court reviews de novo a trial court's decision on a motion for summary disposition pursuant to MCR 2.116(C)(7) to determine whether the moving party was entitled to judgment as a matter of law." *Wells Fargo Bank, NA*, 304 Mich App at 518.

> This Court reviews a motion brought under MCR 2.116(C)(10) by considering the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. Ultimately, summary disposition is appropriate where there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ. [*Id*. at 517 (citations and quotation marks omitted).]

Initially, we note that plaintiff's characterization of the trial court's ruling is incorrect. The trial court ruled that the Wayne County Treasurer properly applied the full amount of the check to the first parcel listed on the check (Parcel Identification No. 44022010188000) where the full amount of the check was owed on that parcel and plaintiff did not otherwise specify how to apportion the funds. The trial court also found that plaintiff's suit was an improper collateral attack on the judgment of foreclosure, plaintiff failed to properly appeal the judgment of foreclosure, and her due process claim lacked merit. On appeal, plaintiff only argues that the trial court should have found that the Wayne County Treasurer had a duty to protect her interest in both parcels and apply the money tendered to save both parcels. Plaintiff fails to address the trial court's other rulings, which themselves are an independent basis to affirm. "When an appellant fails to dispute the basis of the trial court's ruling, the Court need not consider granting the appellant the relief it seeks." *Hanlin v Saugatuck Twp*, 299 Mich App 233, 249; 829 NW2d 335 (2013) (citation omitted).

Regardless, plaintiff also fails to provide any support for the argument that the Wayne County Treasurer misapplied the funds or violated any duty to her when it applied the full amount tendered to the first parcel listed on the check, particularly where the entire amount of the check was owed on the first parcel and plaintiff did not specify how to apportion the funds. As a source for the Treasurer's duty, plaintiff cites the oath of public officers, statements on the Wayne County Treasurer's website, and MCL 211.117, which requires an officer to properly enter and return tax payments. However, none of these authorities requires the Wayne County Treasurer to apportion tax payments in a certain manner where there is no instruction from the taxpayer. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012) (citation and quotation marks omitted). Thus, there was no genuine issue regarding any material fact and defendants were entitled to judgment as a matter of law under MCR 2.116(C)(10). See *Wells Fargo Bank, NA*, 304 Mich App at 517.

Moreover, plaintiff is effectively seeking to set aside the judgment of foreclosure through her quiet title action under MCL 600.2932. However, "[i]t is well established in Michigan that,

assuming competent jurisdiction, a party cannot use a second proceeding to attack a tribunal's decision in a previous proceeding . . . ." *Workers' Compensation Agency Dir v MacDonald's Indus Prods, Inc (On Reconsideration)*, 305 Mich App 460, 474; 853 NW2d 467 (2014) (citation omitted).

> The final decree of a court of competent jurisdiction, made and entered in a proceeding of which all parties in interest have due and legal notice, and from which no appeal is taken, cannot be set aside and held for naught by the decree of another court in a collateral proceeding commenced years subsequent to the date of such final decree. [*Dow v Scully*, 376 Mich 84, 88-89; 135 NW2d 360 (1965).]

Plaintiff did not claim below, and does not argue on appeal, that the court lacked jurisdiction to enter the judgment of foreclosure. Accordingly, plaintiff's suit was a collateral attack on the judgment of foreclosure. For the reasons discussed below, the attack was not proper and summary disposition was also proper pursuant to MCR 2.116(C)(7) based on a prior judgment.

Plaintiff did not assert any bases to set aside the judgment of foreclosure under MCR 2.612(C), which permits relief from judgment on certain grounds. Also, under the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, even if the Wayne County Treasurer acted improperly and should not have foreclosed on the subject property, plaintiff failed to timely appeal from the judgment of foreclosure. In *In re Petition by Wayne Co Treasurer*, 478 Mich 1, 8; 732 NW2d 458 (2007), the Michigan Supreme Court stated:

> If a property owner does not redeem the property or appeal the judgment of foreclosure within 21 days, then MCL 211.78k(6) deprives the circuit court of jurisdiction to alter the judgment of foreclosure. MCL 211.78k(6) vests *absolute title* in the foreclosing governmental unit, and if the taxpayer does not redeem the property or avail itself of the appeal process in subsection 7, then title "*shall not be stayed or held invalid . . . .*" This language reflects a clear effort to limit the jurisdiction of courts so that judgments of foreclosure may not be modified other than through the limited procedures provided in the GPTA. The only possible remedy for such a property owner would be an action for monetary damages based on a claim that the property owner did not receive any notice. In the majority of cases, this regime provides an appropriate procedure for foreclosing property because the statute requires notices that are consistent with minimum due process standards. [Emphasis and ellipsis in original.]

The Court held, however, that in cases where the foreclosing entity fails to provide constitutionally adequate notice, depriving the property owner of due process, the portion of the GPTA purporting to limit the circuit court's jurisdiction to modify judgments of foreclosure is unconstitutional and unenforceable. *Id.* at 10-11. Thus, the trial court can modify a judgment of foreclosure after the redemption period only if the property owner was deprived of minimum due process. "[D]ue process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 9 (citation and quotation marks omitted).

After plaintiff made her payment, the tax receipt clearly indicated that the payment was applied to the other parcel and not the subject parcel. Thus, plaintiff should have been aware that the subject property was not redeemed and she failed to object. The judgment of foreclosure was subsequently entered and plaintiff did not appeal the judgment of foreclosure within 21 days. Plaintiff does not claim that she was denied minimum due process and the record evidence indicates that plaintiff was given notice and an opportunity to be heard, as hearings were held on February 15, 2012, February 16, 2012, March 14, 2012, March 15, 2012, and March 30, 2012. She attended none of them. Accordingly, the trial court did not have jurisdiction to modify the judgment of foreclosure in this subsequent proceeding. See *Id*. at 10-11. Plaintiff also failed to bring a proper suit for monetary damages against the subsequent owner, Citi Asset Management, under MCL 211.78l. Thus, summary disposition was also proper under MCR 2.116(C)(4) because the trial court lacked jurisdiction to set aside the judgment of foreclosure. See *Forest Hills Coop*, 305 Mich App at 617.

Affirmed.

Defendants may tax costs, having prevailed in full. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Henry William Saad
/s/ Kirsten Frank Kelly