*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HOGGETT, Minor.

UNPUBLISHED
August 25, 2022

No. 358660
Baraga Probate Court
LC No. 2019-008077-GM

Before: LETICA, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Appellant appeals as of right an order of the Baraga Probate Court denying appellant's petition to revoke appellee's guardianship of the minor child. We affirm.

## I. BACKGROUND

Appellant is the child's mother, and appellee is the child's grandmother and appellant's mother. In 2019, appellee was granted grandparenting time with the child by the Baraga Circuit Court in relation to a custody case between the child's father and appellant. During the grandparenting-time exchange, however, appellant acted violently and was ultimately charged with resisting or obstructing an officer and assaulting appellee's husband. Following this incident, the circuit court suspended appellant's parenting time and granted custody of the child to appellee.

Appellee then petitioned for guardianship of the child in this separate case before the probate court. Following a hearing at which the probate court heard testimony and took judicial notice of the circuit court file, the probate court granted a guardianship and appointed appellee as guardian in October 2019. Appellant has since moved three times to terminate the guardianship. This appeal follows the probate court's denial of appellant's third petition to terminate the guardianship.

## II. STANDARD OF REVIEW

This Court reviews a court's decision on a petition to terminate a guardianship for an abuse of discretion. *In re Redd Guardianship*, 321 Mich App 398, 403; 909 NW2d 289 (2017). The probate court abuses its discretion when its decision falls outside the range of reasonable outcomes. *Id.* This Court reviews the probate court's findings of fact for clear error. *Id.* The court's findings

are clearly erroneous if this Court has the definite and firm conviction that the probate court made a mistake. *Id.*

## III. ANALYSIS

On appeal, appellant does not directly challenge the probate court's order denying appellant's third petition to terminate the guardianship, and she instead raises a variety of issues concerning the propriety of the circuit court's actions in the separate custody case. We reject these arguments because appellant may not collaterally attack the circuit court's orders in this guardianship proceeding in the probate court, and the arguments are otherwise without merit.

It is well established that a party cannot use a second proceeding to attack a decision from a previous proceeding:

> The final decree of a court of competent jurisdiction made and entered in a proceeding of which all parties in interest have due and legal notice and from which no appeal is taken cannot be set aside and held for naught by the decree of another court in a collateral proceeding commenced years subsequent to the date of such final decree. [*Dow v Scully*, 376 Mich 84, 88-89; 135 NW2d 360 (1965) (quotation marks and citation omitted).]

A failure to file an appeal from an original judgment precludes a collateral attack on the merits of that judgment unless there is a jurisdictional error in the case. *Foster v Foster*, 505 Mich 151, 174-175; 949 NW2d 102 (2020). Such jurisdictional error cannot be related to the exercise of the court's jurisdiction, but only to whether jurisdiction existed, because any decision rendered without jurisdiction is void. *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992).

Appellant argues that the probate court's initial guardianship order was void because, in the separate circuit court case in which appellant's parental rights had been suspended, appellee lacked statutory standing to request grandparenting time. While not clearly stated, we presume appellant is arguing that, because appellee lacked statutory standing to initiate an action for grandparenting time, the circuit court was without jurisdiction to enter the eventual order in that case suspending appellant's parenting time. See *Miller v Allstate Ins Co*, 481 Mich 601, 608; 751 NW2d 463 (2008) (stating that statutory standing is generally jurisdictional). This, in turn, would render void the order suspending appellant's parenting time. See *Bowie*, 441 Mich at 56. The probate court relied on this order as the statutory basis for granting the guardianship, see MCL 722.5204(2)(a), so if the order is void, then the court had no basis for granting the guardianship.

In support of her argument that appellee lacked standing to request grandparenting time, appellant relies extensively on the discussion of the statute governing grandparenting time—MCL 722.27b—in *Frame v Nehls*, 452 Mich 171; 550 NW2d 739 (1996). That case, however, dealt with MCL 722.27b as amended by 1982 PA 340, and the statute has since been significantly amended, most recently by 2009 PA 237. Compare MCL 722.27b as amended by 1982 PA 340 with MCL 722.27b, as amended by 2009 PA 237. The version of MCL 722.27b that was in effect when *Frame* was decided is so markedly different from the one in effect now that appellant's argument on this issue—which relies exclusively on the outdated version of MCL 722.27b and *Frame*'s interpretation of it—is of no assistance.

In the version of MCL 722.27b in effect when *Frame* was decided, a grandparent could only seek grandparenting time if a "child custody dispute" was pending before the court. See *Frame*, 452 Mich at 177. But the current version of MCL 722.27b has no such requirement. Under the current version, a grandparent can seek grandparenting time for a number of reasons, including, as relevant here, if "[t]he child's parents have never been married, they are not residing in the same household, and paternity has been established by . . . an order of filiation entered under the paternity act . . . ." MCL 722.27b(1)(d) as amended by 2009 PA 237. Therefore, under the version of MCL 722.27b which has been in effect at all relevant times, appellee had statutory standing seek grandparenting time.

But whether appellee had statutory standing to pursue grandparenting time is ultimately of no import because the circuit court had jurisdiction to enter the order suspending appellant's parenting time regardless of whether appellee had standing to seek grandparenting time. This Court has not been provided with the separate circuit court file, but from what can be gleaned from the record that has been provided on appeal, appellee sought grandparenting time as part of the custody case between appellant and the child's father. See MCL 722.27b(3)(a) as amended by 2009 PA 237 ("If the circuit court has continuing jurisdiction over the child, the child's grandparent shall seek a grandparenting time order by filing a motion with the circuit court in the county where the court has continuing jurisdiction."). As such, appellee's lack of statutory standing to seek grandparenting time would not divest the circuit court of jurisdiction over the custody case. Whether the orders that the circuit court entered while exercising its jurisdiction were proper is beyond the purview of this case. See *Bowie*, 441 Mich at 56 (explaining that errors in a court's exercise of its jurisdiction cannot be collaterally attacked). In other words, even if the circuit court wrongly issued the grandparenting-time order and every order that followed, the circuit court's error in the exercise of its power would not render its decision subject to collateral attack in this separate proceeding.

Next, appellant argues that the circuit court's order for grandparenting time was not a custody order, and, therefore, it was not permissible for the probate court to order the guardianship under MCL 700.5204. That statute permits the creation of a guardianship when the parental rights of the child's "parents or the surviving parent are . . . suspended by prior court order . . . ." MCL 700.5204(2)(a).

Contrary to appellant's argument, the circuit court did not merely enter a grandparenting-time order. Appellee attached the relevant circuit court order to her petition for a guardianship and averred that appellant's parenting time had been suspended. The probate court took judicial notice of the circuit court file and acknowledged the parenting-time order in that case. On this record, we are not definitely and firmly convinced that the probate court made a mistake when it found that appellant's parenting time had been suspended such that a guardianship was permissible.

Finally, appellant argues that she was deprived of due process through the effective termination of her parental rights without a finding regarding her parental fitness.

This Court has stated, "[T]he appointment of a guardian is not tantamount to a de facto termination of parental rights." *In re TK*, 306 Mich App 698, 704; 859 NW2d 208 (2014). A guardianship does not permanently sever the parent-child relationship, the guardianship must be regularly reviewed, and the guardianship may be terminated. *Id*. at 705. The probate court does

not have to find parental unfitness under a statutory ground for termination when appointing a guardian. *Id*. at 705-706.

In this case, the guardianship did not sever appellant's parent-child relationship with the child. To the contrary, the probate court urged appellant to engage in parenting time and indicated that it would consider terminating the guardianship if appellant demonstrated that she could meet the child's needs. Appellant has not established that the probate court's decision not to terminate the guardianship effectively terminated her parental rights.

Affirmed.

/s/ Jane E. Markey
/s/ Colleen A. O'Brien