*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROLAND C. BROCKRIEDE,

        Plaintiff-Appellant,

v

JENNIFER J. MANLEY,

        Defendant-Appellee.

UNPUBLISHED
December 28, 2023

No. 363160
Genesee Circuit Court
LC No. 22-117571-AW

Before: BORRELLO, P.J., and SWARTZLE and PATEL, JJ.

PER CURIAM.

In this action alleging fraud and requesting a writ of mandamus, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant, Judge Jennifer J. Manley, under MCR 2.116(C)(7) (summary disposition is warranted because of immunity granted by law and prior judgments), and MCR 2.116(C)(8) (failure to state a claim on which relief could be granted). For the reasons set forth in this opinion, we affirm the trial court and award costs to defendant as the prevailing party. MCR 7.219(A).

## I. BACKGROUND

This appeal arose out of plaintiff suing 67th District Court Judge Jennifer J. Manley in her official capacity after she purportedly erred while considering a traffic violation committed by plaintiff. The record reveals plaintiff has a significant history of suing judges in Genesee County for perceived wrongs related to his claimed status as a "sovereign citizen."[1] In one case plaintiff filed against a different district court judge, summary disposition was granted to that judge by Genesee Circuit Court Judge Geoffrey Neithercut. The 2017 summary-disposition order contained the following pertinent language: "Plaintiff Roland Brockriede, D.D.S[.] is permanently enjoined and restrained from ever filing a lawsuit against any judge in the State of Michigan for any reasons related to the discharge of his or her duties. This injunction survives the dismissal of the

---

[1] Throughout his pleadings, plaintiff refers to himself thusly, "Roland-Charles: Brockriede, a sovereign."

Complaint." Later, plaintiff apparently filed another lawsuit against a judge, which resulted in a second order being entered in the prior case, this time by Genesee Circuit Court Judge Joseph Farah. That order stated: "Plaintiff Roland Brockriede is hereby barred, restrained, and enjoined from filing any future lawsuits without first obtaining leave of the Chief Judge of the court in which any such case is sought to be filed." These orders were never set aside by either judge nor appealed to this Court.

In 2022, plaintiff was charged with driving with a suspended license, MCL 257.904(1), which is a misdemeanor, MCL 257.904(3). He was to be arraigned by Judge Manley in June 2022, but before the arraignment, plaintiff challenged the district court's jurisdiction. Judge Manley declined to address the jurisdictional challenge, noting it was not scheduled to be heard that day, the prosecution still had time to respond, and it would be heard on a future date. Plaintiff refused to enter a plea, considering his objection to the court's jurisdiction. After plaintiff refused to enter a plea, Judge Manley entered a not-guilty plea on his behalf.

Believing Judge Manley erred, plaintiff filed the present action, appearing[2] to raise claims of fraud and a request for a writ of mandamus. It is undisputed plaintiff did not obtain permission from the chief judge before filing this lawsuit. In lieu of responding, Judge Manley moved for summary disposition under MCR 2.116(C)(7) and (C)(8). Judge Manley argued plaintiff was barred from bringing the instant case under each of Judge Neithercut's and Judge Farah's orders, Judge Manley was protected by absolute judicial immunity, and plaintiff failed to plead claims on which relief could be granted. Plaintiff responded by contending summary disposition was unwarranted because Judge Manley committed fraud by failing to address his jurisdictional challenge before entering a plea of not guilty. According to plaintiff, this error by Judge Manley divested the district court of jurisdiction, was a crime, and amounted to treason against the United State of America. Given the lack of jurisdiction, plaintiff argued Judge Manley was not entitled to immunity, the orders entered by Judge Neithercut and Judge Farah were not applicable, and the trial court had grounds to enter a writ of mandamus. The trial court granted Judge Manley's motion for summary disposition, citing all of the grounds she alleged. Plaintiff moved for reconsideration, which the trial court denied. This appeal followed.

## II. IMPROPER COLLATERAL ATTACK

Plaintiff argues the trial court erred by granting summary disposition in favor of Judge Manley on the basis of Judge Neithercut's and Judge Farah's orders.[3]

---

[2] It is difficult to ascertain precisely the nature of plaintiff's arguments as much his pleadings filed with this Court are best described as incomprehensible, anti-Semitic rants.

[3] Plaintiff also raises a myriad of new issues in his brief on appeal. Pertinently, plaintiff claims the district court case that initially involved Judge Manley resulted in an array of new issues occurring after the present case was summarily disposed. Plaintiff further claims he sued Judge David J. Newblatt, who presided over the present case, in a separate lawsuit, which resulted in a number of other errors. Lastly, plaintiff urges us to acknowledge, prepare, and file grievances on his behalf against Judge Manley's attorney, Barney Whitesman, and Judge Newblatt. To preserve

-2-

## A. STANDARD OF REVIEW

"We review de novo a circuit court's summary disposition decision." *Jackson v Southfield Neighborhood Revitalization Initiative*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 361397); slip op at 24 (quotation marks and citation omitted). "Under MCR 2.116(C)(7), all well-pleaded allegations must be accepted as true and construed in favor of the nonmoving party, unless contradicted by any affidavits, depositions, admissions, or other documentary evidence submitted by the parties." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 414; 875 NW2d 242 (2015) (quotation marks and citation omitted). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Dextrom v Wexford County*, 287 Mich App 406, 429; 789 NW2d 211 (2010). "However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate." *Id*.

## B. ANALYSIS

The trial court properly determined plaintiff's lawsuit was barred by the orders entered by Judge Neithercut and Judge Farah, which warranted summary disposition of plaintiff's claims under MCR 2.116(C)(7).

"Courts should interpret the terms in a judgment in the same manner as courts interpret contracts." *AFT v Michigan*, 334 Mich App 215, 236; 964 NW2d 113 (2020). "This Court will enforce unambiguous contracts as written." *Zwiker v Lake Superior State Univ*, 340 Mich App 448, 475; 986 NW2d 427 (2022). In enforcing such language, "this Court construes contractual terms in context, according to their commonly used meanings." *Id*.

The 2017 order entered by Judge Neithercut apparently was not enough to deter plaintiff, who initiated litigation against another district court judge in 2020. Although the procedural specifics are unclear, plaintiff's litigation ultimately resulted in Judge Farah entering an order with the following language: "Plaintiff Roland Brockriede is hereby barred, restrained, and enjoined from filing any future lawsuits without first obtaining leave of the Chief Judge of the court in which any such case is sought to be filed." As above, plaintiff never appealed this order nor took steps to have it set aside in a motion for relief from judgment. Once again, this litigation purportedly was meant to collaterally attack Judge Manley's actions, not Judge Farah's order.

---

an issue for appeal, "a party need only bring the issue to the [trial] court's attention—whether orally or in a brief or both." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020). "If a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ____; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 3. This Court "must apply the raise or waive rule in civil cases as stated" by our Supreme Court. *Id*. at ___; slip op at 5. Given plaintiff's failure to raise these arguments before the trial court in the present case, all of them are unpreserved. *Glasker-Davis*, 333 Mich App at 228. In light of plaintiff's failure to properly preserve these arguments, we need not, and do not, consider them. *Tolas Oil & Gas Exploration Co*, ___ Mich App at ___; slip op at 3.

In sum, then, at the time plaintiff's complaint in this case was filed, there were two orders precluding him from suing Judge Manley. In Judge Neithercut's order, plaintiff had been permanently enjoined from suing a judge for any reason related to the discharge of the judge's duties. Plaintiff contends Judge Manley committed an array of errors by failing to timely address his challenge to her jurisdiction, and instead arraigning him on a charge of driving with a suspended license. There is no dispute in the present case that one of Judge Manley's duties as a district court judge was to arraign plaintiff on the charge of driving with a suspended license, MCL 257.904(1), which is a misdemeanor, MCL 257.904(3). MCR 6.008(A) ("The district court has jurisdiction over all misdemeanors . . . ."). Thus, plaintiff was suing Judge Manley for the discharge of her duties as a district court judge. Therefore, under the plain language of Judge Neithercut's injunction, plaintiff's lawsuit was barred. *Zwiker*, 340 Mich App at 475; *AFT*, 334 Mich App at 236. As for Judge Farah's order, the record shows plaintiff did not obtain permission from the chief judge in Genesee County before filing the instant case. Under the plain language of Judge Farah's restraining order, however, plaintiff was required to do so. *Zwiker*, 340 Mich App at 475; *AFT*, 334 Mich App at 236. Consequently, plaintiff's lawsuit in this case was barred both by Judge Neithercut's and Judge Farah's orders.

To the extent plaintiff has belatedly attempted to undercut Judge Neithercut's and Judge Farah's orders, those arguments are improper collateral attacks. A final decision by a "court of competent jurisdiction made and entered in a proceeding of which all parties in interest have due and legal notice and from which no appeal is taken cannot be set aside and held for naught by the decree of another court in a collateral proceeding . . . ." *Workers' Compensation Agency Dir v MacDonald's Indus Prods, Inc*, 305 Mich App 460, 474; 853 NW2d 467 (2014), quoting *Dow v Scully*, 376 Mich 84, 88-89; 135 NW2d 360 (1965). In other words, "assuming competent jurisdiction, a party cannot use a second proceeding to attack a tribunal's decision in a previous proceeding[.]" *Workers' Compensation Agency Dir*, 305 Mich App at 474. As noted, there is an exception to that rule when the first decision is made by a court, agency, or tribunal that entirely lacks jurisdiction regarding the matter decided. See *Altman v Nelson*, 197 Mich App 467, 472-473; 495 NW2d 826 (1992) ("When there is a want of jurisdiction over the parties or the subject matter, no matter what formalities may have been taken by the trial court, the action is void because of its want of jurisdiction. Consequently, its proceedings may be questioned collaterally as well as on direct appeal."). Our Supreme Court, however, has distinguished between "errors in the exercise of jurisdiction" and the lack of jurisdiction:

> Want of jurisdiction must be distinguished from error in the exercise of jurisdiction. Where jurisdiction has once attached, mere errors or irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked. [*Bowie v Arder*, 441 Mich 23, 49; 490 NW2d 568 (1992), quoting *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 545; 260 NW 908 (1935).]

This Court clarified, stating that "lack of subject matter jurisdiction can be collaterally attacked[, whereas] the exercise of that jurisdiction can be challenged only on direct appeal." *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 564; 840 NW2d 375 (2013) (quotation marks and citation omitted; alteration in original).

-4-

Plaintiff claims Judge Neithercut's and Judge Farah's orders should be considered void because they lacked jurisdiction. Plaintiff has not explained whether he is challenging personal or subject-matter jurisdiction with respect to those two orders. It would appear plaintiff believes the court lacked personal jurisdiction over him, because of his reliance on being a "sovereign citizen." However, both of the orders were entered in a case brought by plaintiff against a district court judge, meaning plaintiff was the plaintiff in that case as well. "Under Michigan law, personal jurisdiction can be established by '[c]onsent, to the extent authorized by the consent and subject to the limitations provided in [MCL 600.745].' " *Lease Acceptance Corp v Adams*, 272 Mich App 209, 219; 724 NW2d 724 (2006), quoting MCL 600.701(3) (alteration in *Lease Acceptance Corp*). The limitations referenced in MCL 600.745 are not relevant here. "It has been recognized by both this Court and by the United States Supreme Court that parties may agree, even in advance of litigation, to submit to the personal jurisdiction of a particular forum." *Lease Acceptance Corp*, 272 Mich App at 219 (quotation marks and citation omitted). By filing the complaint against the district court judge, plaintiff was consenting to the personal jurisdiction of the Genesee Circuit Court, which included Judge Neithercut and Judge Farah. *Id*. Therefore, any challenge by plaintiff regarding the personal jurisdiction of the court in the two orders at issue necessarily lacks merit. *Id*.; MCL 600.701(3).

Plaintiff does not appear to challenge the subject-matter jurisdiction of the court in which the two orders at issue were entered. However, any such argument would lack merit. "Circuit courts are courts of general jurisdiction, vested with original jurisdiction over all civil claims and remedies 'except where exclusive jurisdiction is given in the constitution or by statute to some other court . . . .' " *Papas v Mich Gaming Control Bd*, 257 Mich App 647, 657; 669 NW2d 326 (2003), quoting MCL 600.605 (alteration in *Papas*). "The circuit courts of this state have subject-matter jurisdiction to issue declaratory rulings, injunctions, or writs of mandamus." *Papas*, 257 Mich App at 657 (quotation marks and citation omitted). From the limited information provided to the trial court and this Court, it appears plaintiff sought a writ of mandamus directed at a district court judge, similar to the one he sought for Judge Manley in the present case. Therefore, the Genesee Circuit Court, which heard those claims and entered the challenged orders, had subject-matter jurisdiction over the case. *Id*.

Plaintiff has not raised any potentially meritorious claims regarding the jurisdiction of the court in which Judge Neithercut and Judge Farah entered the injunction order and restraining order. Consequently, plaintiff was not permitted to collaterally attack those orders in this case. *Workers' Compensation Agency Dir*, 305 Mich App at 474. Plaintiff, therefore, was bound by those orders, which by their plain language as analyzed above, precluded the present lawsuit from being filed against Judge Manley. *Zwiker*, 340 Mich App at 475; *AFT*, 334 Mich App at 236. Because there was no possible factual development that would bring into doubt that plaintiff's claims were required to fail because of "prior judgment[s]" issued by Judge Neithercut and Judge Farah, summary disposition was warranted under MCR 2.116(C)(7).

For the reasons stated above, we affirm.[4]  Defendant having prevailed in full is entitled to tax costs.  MCR 7.219(A).

Affirmed.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Sima G. Patel

---

[4] Because summary disposition of all of plaintiff's claims was warranted under MCR 2.116(C)(7) on the basis of Judge Neithercut's and Judge Farah's orders, plaintiff's challenges to the other reasons for summary disposition cited by the trial court have been rendered moot, and we decline to consider them.  See *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018) (holding that "[a] moot case presents nothing but abstract questions of law which do not rest upon existing facts or rights," and that appellate courts, generally, "will not entertain moot issues or decide moot cases") (quotation marks and citations omitted).